(52 South. 249.)

No. 18,075.

FOURMY et al. v. TOWN OF FRANKLIN et al.

(April 25, 1910.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 407*)—CONSTITUTIONAL LAW (§ 290*) — PUBLIC IMPROVEMENTS — LOCAL ASSESSMENTS — DUE PROCESS OF LAW.

Act No. 147, p. 261, of 1902, empowering cities and towns (the city of New Orleans and city of Shreveport excepted) having a certain population, and parish sites, to levy local assessments on abutting real estate for the purpose of paving or otherwise improving sidewalks and curbings, is a lawful exercise of the taxing power, and is not repugnant to articles 2 and 232 of the state Constitution, or to the fourteenth amendment of the Constitution of the United States, guaranteeing to the citizen due process of law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1003; Dec. Dig. § 407;* Constitutional Law, Cent. Dig. § 871; Dec. Dig. § 290.*]

2. MUNICIPAL CORPORATIONS (§ 495*)—LOCAL ASSESSMENTS—REVIEW BY COURTS.

Whether a local assessment for street purposes is necessary or not, or will confer any special benefits on the abutting property, are not judicial questions, when ordered in admissible cases, unless there be such a plain and manifest abuse of power as takes the case out of legislative discretion.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1166; Dec. Dig. § 495.*]

3. MUNICIPAL CORPORATIONS (§ 336*)—CONTRACTS—LETTING TO LOWEST BIDDER.

Under section 2, Act No. 147, p. 261, of 1902, paving contracts must be let to the lowest responsible bidder who can give satisfactory security; and where a town council awards such a contract to one of the bidders, ignoring two lower bids, without even plausible reasons, the award will be set aside as an abuse of the discretion vested in the council.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 862; Dec. Dig. § 336.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Neill, Judge.

Action by James C. Fourmy and others against the Town of Franklin and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Emmet Alpha, City Atty., and Foster, Milling, Brian & Saal, for appellant Town of Franklin. W. C. Baker, for appellant M. L. Wilcox. Allen & Pecot, for appellees.

LAND, J. In July, 1909, an ordinance was adopted by the mayor and council of the town of Franklin, providing for the construction of concrete sidewalks and curbs of brick at the cost of the abutting property, pursuant to Act 147, p. 261, of 1902. Bids were invited by publication, and the contract was awarded to M. L. Wilcox, the third lowest bidder, at the price of $19,956.25.

Whereupon the plaintiffs, taxpayers of the town of Franklin and owners of real estate abutting on the sidewalks proposed to be paved, instituted the present suit for the purpose of enjoining the execution of said contract, and of annulling said ordinance on a number of grounds, among others the unconstitutionality of Act No. 147 of 1902.

The plaintiffs in their petition assailed said statute as contravening article 232 of the Constitution of 1898, limiting the rate of municipal taxation to 10 mills, except in case of special taxes voted by the taxpayers; also as violative of articles 2 and 232 of the same Constitution, and the fourteenth amendment of the Constitution of the United States, prohibiting the deprivation of property without due process of law.

Plaintiffs also assailed the ordinance and contract as violative of the provisions of Act 147 of 1902 in the following respects:

That 10 days' notice of the ordinance calling for bids for the proposed paving was not given in the two newspapers published in said town, or either of them.

That the contract was not let to the lowest responsible bidder, but the council arbitrarily let said contract to M. L. Wilcox, the third lowest bidder, to the damage and injury of the taxpayers in the sum of $1,900.

The defendants maintained in their answers

the constitutionality of the enabling statute and the validity and legality of the ordinance and contract. M. L. Wilcox, the contractor, reconvened for $3,000 damages, alleged to have been occasioned by the injunction.

The cause was tried, and there was judgment maintaining the constitutionality of Act No. 147 of 1902, and annulling the ordinance and contract, and perpetuating the injunction sued out by the plaintiffs. All parties have appealed.

1. Act No. 147 of 1902 does not violate article 232 of the Constitution of 1898, as the limitation of taxation therein contained has no application to local assessments or forced contributions. See Barber Asphalt Co. v. Gogreve, 41 La. Ann. 251, 5 South. 848, construing article 209 of Constitution of 1879, containing similar limitations on the taxing power.

The apportionment of the entire cost of a street pavement upon the abutting lots according to their frontage, without any preliminary hearing as to benefits, may be authorized by the Legislature, and this will not constitute a taking of property without due process of law. Margaret French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; McMillen v. Anderson, 95 U. S. 37, 24 L. Ed. 335.

2. The town of Franklin was incorporated by Act No. 89 of 1876. The general municipal corporation law (Act No. 136 of 1898) has no application to any then existing municipality, unless adopted by a majority vote of the electors therein at an election called for that purpose. As the town of Franklin has never adopted Act No. 136 of 1898, and as the original charter does not confer any power on the council to levy local assessments for the pavement or repair of streets and sidewalks, it follows that Act 147 of 1902 is the only statute that can be invoked in the premises.

The complaint that the proposed work of paving is unnecessary and will not confer any special benefits on the plaintiffs is disposed of by the reasoning and decree of the court in Kelly v. Chadwick, 104 La. 719, 732, 29 South. 295, 300. In that case the court quoted approvingly from Cooley on Taxation, p. 429, as follows:

"With the wisdom or unwisdom of special assessments, when ordered in cases in which they are admissible, the courts have no concern, unless there is plainly and manifestly such an abuse of power as takes the case beyond the just limits of legislative discretion."

3. Section 2 of Act 147 of 1902 provides that the municipal council "shall let the contract to the lowest responsible bidder, who can give satisfactory security." The three lowest bids submitted were as follows:

M. L. Wilcox......................$19,596 25
Smith & Brady.................... 18,947 50
Reynolds & Ligon................ 18,300 00

When the bids were opened and inspected, a motion was made by F. to award the contract to Reynolds & Ligon, and another motion was made by M. to award the contract to M. L. Wilcox. Neither motion was seconded. Mr. Smith, of Smith & Brady, stated that the contract should be awarded to Reynolds & Ligon as the lowest bidder. There is some dispute as to the exact remarks of Mr. Smith on that occasion; but even if he said, "I withdrew in their favor," it is admitted that he did not withdraw in favor of Mr. Wilcox or any other higher bidder. The council went into secret session, and M. and F. withdrew their respective motions. Thereupon a motion was made to award the contract to M. L. Wilcox, and it was unanimously adopted. There is no explanation of this action of the council, save that F. during the secret session went on the street and was told by citizen A. that citizen B. had said that Reynolds, of Reynolds & Ligon, was a crook. Without going into further details, we agree with the district

judge that the council failed to exercise the discretion vested in them by law, but acted arbitrarily in the premises.

It may be stated that the mayor vetoed the resolution awarding the contract to Wilcox, but it was passed over his objections.

. The petitioners allege that M. L. Wilcox was not the lowest responsible bidder, and that the award of the contract to him was unlawful, and to the damage and injury of the petitioners and taxpayers in a considerable sum of money. These allegations disclose grounds for annulling the award and enjoining the execution of the contract. If such annulment be not embraced in the specific prayer for the annulment of the statute and the ordinance, it is covered by the prayer for general relief. In his reasons for judgment the judge a quo says:

"If this decision is sustained, it will be necessary for the town council to readvertise for bids, in order to carry out their undertaking, and then they may track the strict letter of the laws."

Judgment affirmed.