(53 South. 362.)

No. 18,245.

BIENVENU v. POLICE JURY OF ST. MARTIN PARISH et al.

In re BIENVENU.

(June 20, 1910. Rehearing Denied Oct. 17, 1910.)

*(Syllabus by the Court.)*

1. PARISHES — CONTRACTS — ACTION TO SET ASIDE—PARTIES.

Where a police jury awards a contract to a bidder, one seeking to set aside the contract may join the police jury and the successful bidder in the same suit, as they are parties to the same act.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 191; Dec. Dig. § 120.*]

2. PARISHES — CONTRACTS — ACTION TO SET ASIDE—PARTIES.

An unsuccessful bidder on a contract offered by a police jury to the lowest bidder may sue to set aside the award of the police jury, and a taxpayer may sue to annul the contract, as both have a sufficient interest in it.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 191, 308; Dec. Dig. §§ 120, 196.*]

3. PARISHES — CONTRACTS — BID — INDEFINITENESS.

If a police jury offers a printing contract to the lowest bidder, and selects the bid of one offering to do certain work for nothing and other work "at current rates," the contract may be set aside on the ground that the term "current rates" is too indefinite, and does not guarantee that the work will not exceed the maximum price fixed by law for such work.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 189; Dec. Dig. § 118.*]

Action by Albert Bienvenu against the Police Jury of St. Martin Parish and another. Judgment for defendants was affirmed by the Court of Appeal, and plaintiff applies for writ of certiorari or writ of review. Reversed.

Martin & Martin, for applicant. Voorhies & Voorhies, for defendant Broussard.

BREAUX, C. J. The police jury of the parish of St. Martin gave due notice that it would receive bids on the 19th day of July, 1909, for all its official publications and for "job work," such as "printing its letter heads," "envelopes," "warrants in book form," "licenses" and "reports," "requisition for material," for "subpœna of witnesses," and "for jurors," "bench warrants," and jurors' and witnesses' "vouchers" in book form.

The condition was the bid to be one bid, the police jury reserving the right to reject any and all bids.

The relator, editor of the Messenger, filed a sealed bid, proposing to publish the proceedings and other publications of the police jury and supply the job printing for one year for $48.

The respondent, editor of the Banner, filed his bid, proposing to publish the regular monthly proceedings and ordinary notices free of charge, and to do all the job work at current rates.

At the appointed time to open the bids the police jury met.

After the bids had been opened, two of the police jurors voted in favor of accepting the Messenger's bid.

Three of the members voted in favor of the Banner's, and the latter's bid, it follows, was accepted by a majority of one vote.

The editor of the Messenger brought suit, claiming that he was the lowest bidder, as he had proposed to publish all that was required to be published under the notice and in accordance with the contract offered and to do all the work stated in the notice for the sum of $48, while his opponent in matter of the bid proposed to publish the regular "monthly proceedings, ordinances, notices, etc., free of charge and will do all *job work at current rates*." (Italics ours.)

### Exception of Misjoinder.

The defendant excepted on the ground of misjoinder. The exception was overruled.

Our answer is: There was no misjoinder. The contract could be attacked contradictorily with the police jury and the bidder. It was a common act of the two.

### Exception of No Cause of Action.

Secondly, defendant pleaded the exception of no cause of action.

His grounds are that it was a matter within the discretion of the police jury, and, that being the case, it was not reviewable by the courts; furthermore, that relator had no interest upon which to base his suit. We will take the last proposition for decision first. The relator had the right to sue, and had an interest which he could invoke to the extent necessary to have the bids reviewed by the courts.

The relator avers that, in addition to being a bidder for the work, he is a citizen and a taxpayer.

Jurisprudence has settled the question adversely to the position of respondent. The party to a bid can attack it in the court, and the taxpayers may sue to set aside an illegal contract. He certainly had an interest, as he was directly interested in the bid. If there was an illegality committed in matter of the bids, he could stand in judgment.

The next contention of respondent is that police juries have the right to reject any and all bids. That is true. The contract, none the less, offered to the lowest bidder, must conform with the requirement of the statute.

It must be left to competition.

There is no question of rejection of the bid.

The foregoing disposes of questions raised preliminarily on exceptions.

Now as to the merits of the case.

The defendants answered and denied generally all of plaintiff's allegations save those admitted.

The police jury in addition averred that, acting under the discretion with which it is invested, it accepted the bid which it deemed the lowest.

The judge of the district court decided that the police jury had properly exercised its discretion, and sustained its action—its resolution, accepting defendant Broussard's bid.

An appeal was taken to the Court of Appeal, and that court affirmed the judgment of the district court.

### Decision on the Merits.

The parishes shall not hereafter order—

"public printing of any kind unless the same be done under contract and adjudication to the lowest possible bidder."

And:

"The price shall not exceed the price fixed for judicial advertisement and for other printing

or job work; they shall in no case exceed the maximum price fixed for the state printing."

The offer of the police jury was to receive bids for all official publication of the parish and all job work, specifying the work.

The successful bidder (according to the police jury) divided the bid, and made no bid for job work, save that he would do it at "current rates." It is not stated at the "current rates" fixed by law.

This makes the bid indefinite. It was not the bid required. It should have been one bid for the whole work.

The bidder did not comply with the notice for bids, nor with the resolution of the police jury ordering the notice to be given.

As to the limit of the price of the job work we will state there is a maximum limit as to price (see Act No. 184 of 1908), but no minimum limit.

There is nothing that prevents the police jury from offering the work to the lowest bidder; that is, the police jury has the power under the statute of accepting a bid for less than the maximum price.

But it is commanded to have the work done under contract and adjudicated to the lowest responsible bidder. Section 22 of the act.

There is no question of the responsibility of bidders; in that respect, we take it that they are on entirely equal planes.

The arbitrary letting of a contract to a higher bidder is not a judicial determination binding the courts.

The contractor not having complied with the bid, his bid must be set aside, and another resolution adopted, and other advertisement to be made.

The offer of the contract should be clearly made, and it should be made to appear that in no case the maximum prices of the law of 1908 shall be exceeded, and under that expressed limitation bidders can be invited to bid.

It is for the police juries to advertise for bids under such rules and regulations as they may adopt.

"Current rates" were the words used by respondent in his sealed bid.

"Current" is not definite. True, it cannot be implied, by the use of the word "current," that charges can exceed the law's limit. For the sake of absolute regularity we will state the percentage less than the maximum should be stated; that is, in offering for bids the police jury can provide that in no instance will it contract with a bidder who does not show by his bid that his bid is less than the maximum of the statute.

The plaintiff and respondent bid in a round sum is correct enough; but, in addition, it should have been made to appear the per centum it is less than the maximum fixed by law.

Before concluding, we will restate: There is no good reason why the police jury should not be specific and adopt rules and regulations that will make it certain that in no case the maximum of the law shall be exceeded.

In order that the law may be fully complied with, the resolution attacked, the bid, and the contract under the resolution are set aside and annulled.

It is ordered, adjudged, and decreed that the judgment of the district court and of the Court of Appeal in this case are avoided, annulled, and reversed, and the petition and prayer of relator sustained to the extent before stated.

Costs of all courts to be paid by respondent.