On Blotion to Dismiss the Appeal.
BREAUX, C. J.
[1] The grounds are that the jurisdictional amount sought to be alleged is less than the lower limit, and the supplemental answer, filed for the purpose of obtaining jurisdiction in this court, sets forth a fictitious amount; furthermore, that no appeal will lie from a judgment of the district court, decreeing a proposed extension of a municipality unreasonable and unjust, as such judgment is final for the period of two years, citing Act No. 136 of 1898 in support of the motion to dismiss on this point.
The defendant filed an answer to plaintiffs’ petition, in which there was no jurisdictional allegation.
This answer was equally as silent upon the subject.
The defendant filed an amended answer in order to allege that the annulling of the ordinance assailed by plaintiffs will injure it in a sum exceeding .$2-,000 by the reduction in the alimony of the town.
The character of the issues, and the difference in the revenues of the town, or in the amount of the tax to be paid by each taxpayer, give a weight to the jurisdictional allegation, which we deem controlling in determining whether or not this court has jurisdiction.
It is proposed to add a large area to the limits of a small town. That of itself conveys the idea that there is a considerable interest involved, and this is confirmed by the jurisdictional allegation in question.
[2] The other ground alleged for dismissing the appeal is that the matter at issue has been settled for a period of 12 months.
Were we to sustain that position, it would have the effect of denying to the unsuccessful litigant the right of appeal.
The limit of 12 months dates from the day that the question is finally disposed of by this court, and it is not limited to the date that the judgment is rendered in the district court.
The following excerpts sufficiently disclose the legislative intent:
The appéal from the ordinance “shall be by suit in the district court.”
But, if the ordinance be adjudged unreasonable, it shall be vacated, and the extension or contraction of limits, and all ordinances proposing practically the same “shall be prohibited for one year.”
It is an unavoidable construction when considered with that which precedes in the section, “prohibited for one year,” from the time it is settled by the court of last resort.
The two provisions of the act in question must be taken and construed together.
It then becomes perfectly evident, as the first part of the section expressly refers to an appeal, that in construing the section the right of appeal must be taken into account.
The ordinance has not as yet been finally *675 adjudged reasonable or unreasonable, and until then no delay begins under tbe terms of the act quoted.
The motion to dismiss the appeal is overruled.