(77 South. 503)

No. 22639.

STATE ex rel. FIRST NAT. BANK OF SHREVEPORT et al. v. POLICE JURY OF BEAUREGARD PARISH et al.

(Jan. 3, 1918.)

*(Syllabus by the Court.)*

1. DEPOSITARIES ⬤═➤6 — ACTION OF POLICE JURY—REVIEW.

Where a police jury invites bids for the deposit of funds of which it has the control and custody, with a view of selecting fiscal agents in accordance with Act No. 205 of 1912 and the amendment thereto, its action in awarding such deposits may be reviewed by the courts; and an unsuccessful bidder has a sufficient interest, and therefore a right to demand and obtain such review.

2. DEPOSITARIES ⬤═➤6—JOINT BID—REJECTION —STATUTE.

The provisions of paragraph 1, § 4, of Act No. 205 of 1912, as amended by Act No. 265 of 1916, apply, in so far as they may be applicable, with as much force to the mode and manner of letting the deposit of public funds under the control of parishes and municipalities and other authorities mentioned in the first clause of the said section 4 as they do to the letting of funds belonging to the state of Louisiana. When, therefore, several banks make a joint or combined bid for the deposit of funds under the control and in the custody of the police jury of a parish, such bid is properly disregarded and ignored by such police jury, as being in contravention of the provisions of said paragraph 1, § 4, of said Act No. 205 of 1912 as amended by Act No. 265 of 1916.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Winston Overton, Judge.

Proceedings by the State, on relation of the First National Bank of Shreveport and others, against the Police Jury of Beauregard Parish and others. From a judgment maintaining an exception of no cause of action, relators appeal. Affirmed.

Blanchard & Smith, of Shreveport, and Kay & Plauche, of De Ridder, for appellants. J. Sheldon Toomer, Dist. Atty., of Lake Charles, and Stewart & Powell, Special Counsel, of De Ridder, for appellee Police Jury. James E. Smitherman, of Shreveport, for appellee Continental Bank & Trust Co.

LECHE, J. Relators appeal from a judgment maintaining an exception of no cause of action.

The police jury of Beauregard parish, having in its custody the sum of $455,679.96, cash proceeds of sale of good-road bonds, invited bids for the deposit of said funds or any portion thereof, with a view of selecting depositary banks in accordance with the terms of Act 205 of 1912 and its amendments.

In due time bids were received from the Continental Bank & Trust Company of Shreveport, the Commercial National Bank of Shreveport, and from the relators. The

proposal submitted by relators is evidenced by the following communication:

"To the Honorable President and Members of the Police Jury, Parish of Beauregard, Louisiana:

"Dear Sirs: In compliance with your notice to select depositary bank or banks for the deposit of the proceeds of the sale of the good roads bonds of said parish, amounting to approximately $455,679.96, we herewith submit our bid subject to the terms of Act No. 205 of 1912 and its amendments.

"The Lumberman's Bank & Trust Company of De Ridder, $50,000; the First National Bank of De Ridder, $30,000; the West Louisiana Bank of Leesville, $22,500; the First National Bank of Shreveport, the balance, approximately $353,179.96, or any part thereof.

"We propose to pay you at the rate of 3.75 per cent. interest on your daily balances, the interest to be credited monthly. Annexed hereto the sworn statement of our respective institutions at close of business March 1, 1917.

"Lumberman's Bank & Trust Company.
"First National Bank of De Ridder.
"West Louisiana Bank.
"First National Bank of Shreveport."

The police jury having considered all said bids, selected as its depositary banks, the Continental Bank & Trust Company of Shreveport, to whom it- awarded a deposit of $200,000, at 4 per cent. interest on the first $100,000 and 3.75 per cent. interest on the second $100,000 and the Commercial National Bank of Shreveport, to whom it awarded the balance of said fund at 3.5 per cent. interest.

Thereupon relators, after averring the above facts, alleged further that their bid was the highest and most advantageous for the parish of Beauregard, that it was the plain ministerial duty of the police jury of said parish to declare relators as the successful bidder for said funds, and that the selection of depositary banks as made by said police jury will cause relators an irreparable injury for which they have no adequate remedy at law, wherefore they prayed for writs of injunction and mandamus and made the Continental Bank & Trust Company and the Commercial National Bank, both of the city of Shreveport, as well as the police jury of the parish of Beauregard, parties defendants.

The district judge, in compliance with the prayer of relators' petition, ordered the issuance of a preliminary writ of injunction and of an alternative writ of mandamus.

Defendant banks, alleging their domiciles to be in the city of Shreveport, parish of Caddo, excepted to the jurisdiction of the district court sitting in and for the parish of Beauregard, and all the defendants pleaded the additional exception of no right and no cause of action.

The district court overruled the exception to its jurisdiction, but maintained that of no cause of action, and dismissed relators' suit.

The Continental Bank & Trust Company having answered this appeal, and prayed for a reversal of the trial court's ruling on the question of jurisdiction, both rulings are therefore before us for review.

The wrong of which relators complain and for which they demand redress is charged to have been committed by the police jury of Beauregard parish. The defendant banks were made parties not because any affirmative relief is prayed for against them, but because, as beneficiaries of the contract which is sought to be declared null and void, they might be given the opportunity to defend and to uphold the action of the defendant police jury to the extent of their interest therein. The Fifteenth judicial district court for the parish of Beauregard is the competent and only tribunal in which relators could have brought the present action against the defendant police jury. Should the relators succeed in their demand and obtain a decree preventing the allotment of the deposits as proposed by the said police jury, the defendant banks would be compelled to resort to that same tribunal, were they not parties hereto, in any attempt to hold the said police jury liable for not per

forming its engagements towards them. Pretermitting, therefore, any expression of opinion as to whether said banks are necessary parties hereto, and considering that no moneyed judgment has been prayed for against them, they have no good reason to complain for having been notified of the action of relators and invited to enter, now, that same forum to protect such rights as they might have in the matters at issue. One of them, the Continental Bank & Trust Company, has declined this invitation, and as we find no exception in article 165, C. P., under which it may be compelled to litigate its rights, if any, in the manner and place proposed by relators, its objection to being sued in a court not having jurisdiction over its domicile must be sustained.

The law providing for the selection of fiscal agencies for the state of Louisiana, and all parishes, municipalities, boards, commissions, and other public bodies therein, is contained in Act No. 205, page 415, of the Acts of the General Assembly of 1912.

The exception of no right and no cause of action pleaded by defendants is urged upon the grounds:

(1) That the relators, as unsuccessful bidders, have no interest, and therefore no right of action.

(2) That the powers and duties conferred upon the police jury by said Act 205 of 1912, being discretionary and not ministerial, cannot be controlled by the courts.

(3) That the bid of the relators being a combination bid in contravention of subsection 1 of section 4 of Act 205 of 1912, as amended by Act 265 of 1916, could not be considered by the police jury.

The title of Act 205 of 1912 shows that its object and purposes are to provide for the selection of fiscal agencies, not only for the state of Louisiana, but for all parishes, municipalities, etc., therein; and its provisions may be summarized as follows:

Section 1, deposits to be made daily with fiscal agents.

Section 2, what banks are fiscal agents.

Section 3, paragraph 1, how funds from state treasury shall be let; paragraph 2, funds from tax collector; paragraph 3, funds from any parish, municipality, etc., which are not required to be placed in the custody of the state treasurer, and paragraph 4, funds belonging to boards or bodies controlled by parochial or municipal governments.

Section 4 is couched in the following language:

"That the conditions under which the funds of the state of Louisiana and all parishes and municipalities thereof, and all public boards, commissioners, and bodies created by or under the authority of the state or of any parish or municipality thereof, shall be deposited, are as follows:

"(1) That all public moneys in charge of such authorities shall be let by the depositing authority to the bidder or bidders in the city of New Orleans, and in the respective congressional districts as provided in paragraph 1 of section 3 of this act, offering the highest rate of interest for all or any part of the funds of such authority consistent with the safe-keeping and prompt return thereof, and no bid shall be accepted providing for a lower rate of interest, on such deposits, than 3% per annum."

This paragraph was re-enacted and amended by Act 265 of 1916, p. 552, so that it now reads as follows:

"That all public moneys in charge of such authorities shall be let by the depositing authority to the bidder or bidders in the city of New Orleans and in the respective congressional districts as provided in paragraph 1 of section 3 of this act, offering the highest rate of interest for all or any part of the funds of such authority consistent with the safe-keeping and prompt return thereof, and no bid shall be accepted providing for a lower rate of interest on such deposits than 3 per cent.; provided, that all bids shall be made by the banks individually and independently of each other and all funds let to such banks independently and in accordance with any successful bid, the intention being that banks shall not combine together either to bid for funds or to accept funds; provided further, that if any portion or all of the funds of any district are not bid for they may be readvertised and let to any bank or banks in the state, or such funds may be apportioned to participating banks as otherwise provided, at the

discretion of the board; provided further, that the provisions of this act may be enforced against the board of liquidation by suit."

Then follow 16 other sections which it is unnecessary to transcribe as they have no pertinency to the present discussion.

[1, 2] The adoption of the amendment of 1916 was apparently brought about by a decision of this court, in the matter of State ex rel. Louisiana Trust & Savings Bank v. Board of Liquidation of State Debt et al., reported in 136 La. 571, 67 South. 370. That decision has been very earnestly invoked by defendant police jury as authority for the first and second propositions, herein already set forth, upon which it bases its exception, that the petition shows no right of action on the part of the relators, and that the discretion vested in the police jury is not subject to judicial control. But the decision in Louisiana Trust & Savings Bank v. Board of Liquidation rests solely upon the ground that the relators, in that case, were suing a servant and agent of the state, and were attempting in contravention of a principle inherent in every sovereignty and recognized in article 192 of the Constitution, to subject the state to the jurisdiction of its own courts without its consent and permission, while here, that question is not even remotely an issue.

It is therefore not authority for the proposition that a bank, whose bid for the deposit of parochial funds has been rejected, has no interest to contest the award and no right to have the action of the police jury reviewed by the courts. In the case of Bienvenu v. Police Jury of St. Martin, 126 La. 1103, 53 South. 362, it was held that:

"An unsuccessful bidder on a contract offered by a police jury to the lowest bidder may sue to set aside the award of the police jury." ·

The bid in that case was for the parish printing, and the further defense that. the discretion vested by the statute in the police jury could not be interfered with by the courts was also held not tenable. In the case of State ex rel. Bank of Franklinton v. Louisiana State Board of Agriculture, 122 La. 677, 48 South. 148, where the question was, like the present one, as to the right of an unsuccessful bidder to attack the award of the defendant board in selecting a depositary for its funds it was also held that the relator had an actionable interest, and that the proceedings of the board were subject to review by the courts. Again it has often been held that, although courts will not lightly substitute their judgment for that of municipal or political corporations exercising governmental functions, yet where such bodies abuse the discretion which the law has vested in them, the courts are authorized to review the exercise of that discretion and to correct the abuse. Naccari v. Rappelet, 119 La. 273, 44 South. 13, 13 L. R. A. (N. S.) 640; Fourmy v. Franklin, 126 La. 151, 52 South. 249; New Orleans, R. E. M. & S. Co. v. Teutonia Ins. Co., 128 La. 45, 54 South. 466; Lawrence v. Mansfield, 129 La. 672, 56 South. 633; Drouin v. Board of School Directors, 136 La. 394, 67 South. 191.

We are therefore of the opinion that relators, the First National Bank of Shreveport and its cocomplainants, have an interest, as unsuccessful bidders, in contesting the award made by the police jury of Beauregard parish, and that the action of said police jury in making that award is subject to review by the courts.

The third ground upon which defendants support their exception of no cause of action is that relators' bid is a combination bid in contravention of paragraph 1 of section 4 of Act 205 of 1912, as amended in 1916. But relators contend that the cited paragraph does not control in the present case, and that it applies only to the state board of liquidation. They invoke in support of that contention the generally accepted cause, already referred to in this opinion, which led the

Legislature to adopt the amendment of 1916. They also cite authority (Ardry v. Ardry, 16 La. 264) to the effect that the letter of the law may sometimes be disregarded with the honest intention of seeking its spirit.

It must first be observed that in its invitation for bids, the police jury of Beauregard parish distinctly states that bids are invited subject to the terms of Act 205 of 1912 and its amendments.

The only amendment to the Act of 1912 in existence at that time, which we have been able to find, and no other has been called to our attention, is that contained in Act 265 of 1916. It would therefore seem that relators were fully advised that their bid must conform to the provisions of Act 265 of 1916 as a condition precedent to its consideration. Admitting, however, that the police jury, a political corporation which can exercise no power unless such power is expressly conferred upon it, had no authority to subject relators' bid to any condition not expressly required by law, we are of the opinion that the provisions of the said Act 265 of 1916, prescribing the mode and manner in which bids and awards should be made when these designated authorities select their respective fiscal agents, apply with as much force to police juries and other municipal corporations and public boards mentioned in Act 205 of 1912 as they do to the state board of liquidation.

The provision of the statute under discussion says "that all public moneys in charge of such authorities shall be let," etc. In order to ascertain who are the authorities thus referred to, recourse must be had to the preceding clause of the same section, and there these authorities are mentioned as being the state of Louisiana and all parishes and municipalities thereof, and all public boards, etc.

As the express terms of the statute designate parishes as constituting one of the authorities mentioned, it is clear that police juries, the governing authority of parishes, are amenable to its provisions. It is true that two of these provisions, that in regard to apportionment of deposits in New Orleans and the several congressional districts, and that authorizing suits, are only applicable to the state board of liquidation, and this creates some confusion in the language of the statute, but that is no reason why the other provisions therein should not be held applicable to all the governmental authorities for whose guidance that statute was enacted.

No reason has been suggested, and indeed none can be logically assigned or conceived, why the provision relating to the manner of making bids, that regulating the mode of awarding deposits, and that fixing the lowest limit to the rate of interest, etc., all enacted for the public interest and the safe custody of public funds, should not apply with equal propriety to police juries, municipal corporations, and other public boards, as they do to the state board of liquidation.

We believe, notwithstanding the opposite view most seriously urged in argument by learned counsel for relators that paragraph 1 of section 4 of Act 205 of 1912, as amended by Act 265 of 1916, does in spirit as well as in its letter apply to all the governmental authorities designated in the title of the Act of 1912.

The bid of the relators having been made, not individually and independently, but jointly and in combination, violates a mandatory provision of the statute of 1912 as amended in 1916, and was properly disregarded and ignored by the police jury of Beauregard parish.

The judgment appealed from is therefore affirmed.