The prayer of the plaintiffs' petition is that damages be awarded, not to Ruiz, but to Mrs. Julia Foster, the actual owner of the property.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the plaintiff, Mrs. Julia Foster, recover of and from the defendant, city of New Orleans, $300, with legal interest from the date of judicial demand, and the costs of this suit.

---

(99 South. 687)

No. 25907.

ST. LANDRY LUMBER CO., Limited, v. MAYOR AND BOARD OF ALDERMEN OF TOWN OF BUNKIE.

(March 10, 1924.)

*(Syllabus by Editorial Staff.)*

1. Venue &#9902;22(1)—Injunction suit against two defendants held to lie, although one nonresident of parish.

In a suit against a town and a contractor, brought in the parish of A., to enjoin the town from entering into a contract with the contractor who was resident of the parish of St. L., his plea to the jurisdiction ratione per-

sonæ could not be sustained, since the cause of action could not be split and two suits filed in different parishes, an affirmative relief being asked against both defendants.

**2. Injunction ⬅148(1)—That defendant was not named an obligee in injunction bond no ground for complaint.**

In a suit to enjoin the mayor of a town from entering into a contract with a contractor, defendant could not object to the injunction bond which was made in favor of the town, since he had full recourse to the bond under Act No. 112 of 1916, § 1, providing that any person in interest may sue on any bond furnished in connection with any judicial proceeding.

**3. Municipal corporations ⬅241—Unsuccessful bidder may assail municipality's refusal to award him contract.**

Under Act No. 147 of 1902, § 2, providing for the letting of municipal contracts to the lowest responsible bidder who can give satisfactory security, an unsuccessful bidder, alleging his bid to have been the lowest and his responsibility good, has a standing in court to assail the action of the municipal authorities in refusing to award him the contract.

**4. Municipal corporations ⬅241—Municipal council held not authorized to reject lower bids by persons more responsible and better qualified than higher bidder.**

Under Act No. 147 of 1902, § 2, authorizing municipal councils to let contracts to the lowest responsible bidder who can give satisfactory security, the council has power and discretion to determine the responsibility of the bidder and whether the security offered is satisfactory, and it may reject all bids if none is satisfactory, but the law does not permit arbitrary selection of one which is higher, and the rejection of others which are lower, and made by persons more responsible and better qualified to do the work.

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; S. Allen Bordelon, Judge.

Suit by the St. Landry Lumber Company, Limited, against the Mayor and Board of Aldermen of the Town of Bunkie. Judgment for defendants, and plaintiff appeals. Judgment set aside, and cause remanded.

Dubuisson, Perrault & Burleigh, of Opelousas, for appellant.

W. E. Couvillon, of Marksville, and John W. Lewis, of Opelousas, for appellees.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiff, an unsuccessful bidder for work of constructing sidewalks in the town of Bunkie, sued jointly the town and one Allen Dezauche, to whom the work was awarded, prayed that they be enjoined from entering into a contract for that purpose and that he (plaintiff) be decreed the successful bidder.

The lower court having sustained a plea to the jurisdiction ratione personæ on the part of Dezauche and of no cause of action as to the other defendant, plaintiff prosecutes this appeal.

### Opinion.

#### Plea to Jurisdiction of Dezauche.

Dezauche, it is alleged, is a resident of St. Landry parish, and for that reason, he asserts that the court of Avoyelles is without jurisdiction to compel him to litigate in the latter forum the issues raised by plaintiff's petition.

[1] It could only be upon the theory that the exceptor is without interest in the subject-matter of this litigation, and therefore an unnecessary party, that the court below could be said to have no jurisdiction as to him. The attack is upon a proceeding and a contract made or about to be made as a result thereof for execution in Avoyelles parish, to which the town and Dezauche are parties. If his contention be correct, and the suit were filed in St. Landry, we see no reason why the other defendants might not decline that jurisdiction upon the same ground. The cause of action cannot be split and two suits filed in different parishes, and, since affirmative relief is asked against both, that the town and Dezauche be enjoined from entering into a contract, or that it be annulled if already made, we can see no rea-

son why the court below should not, and in fact we think it is the only one which may, entertain jurisdiction. Amiss v. Bank, 9 Rob. 351; Wortham's Civil Pro. pp. 173–179, par. 10.

#### Exception of No Cause of Action.

Defendant mayor of the town of Bunkie moved to dissolve the injunction against him upon the ground, first, that the petition, as to him, disclosed no cause of action; and, second, there was no bond furnished in his favor.

Of course, the mayor and board of aldermen are merely the agencies through which the town acts, and what we shall have to say hereafter with respect to the cause of action against the town will have full application to this exception.

The prayer of the petition was that the mayor and board of aldermen and Dezauche be enjoined from entering into a contract, and, if already signed, that they be prohibited from executing it. Otherwise the prayer was for citation of the "Town of Bunkie and said Allen Dezauche * * * and * * *" for "judgment in favor of petitioner and against the said town of Bunkie and said Allen Dezauche:

"(a) Maintaining and perpetuating said preliminary injunction;

"(b) Decreeing the nullity of the said bid of Allen Dezauche;

"(c) Setting aside and annulling the proceedings of said mayor and board of aldermen accepting said bid;

"(d) Rescinding and annulling any contract which may have been made with said bid as its predicate;

"(e) Declaring petitioner to have been the lowest responsible bidder at said bidding and ordering said mayor and board of aldermen to proceed with the acceptance of said bid and to enter into contract with petitioner in accordance therewith."

The injunction bond was in favor of the "Town of Bunkie and Allen Dezauche," the citation was addressed "To Town of Bunkie, through E. H. Taliferro, Mayor," and the writ of injunction was directed against "The Mayor and Board of Aldermen of the Town of Bunkie."

Act No. 112 of 1916, § 1, provides:

"That hereafter all bonds required either by law or by the order of any court, to be furnished in connection with any judicial proceeding in this state may be made payable to the clerk of such court, provided that any person in interest can sue upon any bond furnished in connection with any judicial proceeding without regard to who may be named in such bond as to obligee, and no error, or inaccuracy, or omission in the name of the obligee shall constitute any defense whatever to an action upon such bonds."

[2] Under this provision, the mayor, who alone filed the exception, has his full recourse upon the bond which was furnished, and hence he has no cause to complain that his name was not included therein as obligee.

The material allegations of the petition are as follows:

That plaintiff's bid was the lowest by $4,305, and that two other bidders submitted figures less than those of Dezauche, but which were higher than petitioner's; that the law requires the work shall be let to the lowest responsible bidder who can furnish satisfactory security for the faithful performance of the work; that the board of aldermen, in the meeting at which the bids were considered, passed a resolution declaring Dezauche to be the "lowest bidder satisfactory to the board from the standpoint of the price proposed, the responsibility, experience * * * and evidences of the quality and kind of work done by each, as well as other considerations"; that petitioner is ready, able, and willing to comply with the terms of its bid and to perform said work in accordance with the specifications attached thereto, and to furnish such bond and security as may be required by the said town of Bunkie; that, on the other hand, the bid of Dezauche was informal, illegal, and

should not have been considered—first, because Dezauche did not deposit the $2,000 required by the ordinance and advertisement, and second, that the said bid was not responsive to the advertisement, specifications, or ordinance, in that it was not made on the printed blank required by the specifications, did not cover the items required to be bid on, and contained, besides, conditions prohibited by the specifications; that the mayor and board of aldermen went into executive session after the bids were opened and excluded petitioner from participating in the discussions, and that, if petitioner had been given a hearing, it could have convinced the said authorities of its financial responsibility, its good standing as furnisher of materials and as a contractor, and of its experience in the construction of such works; that it was fully equipped and qualified to do the work, and that "it had undertaken, prior to submitting its bid, to secure the services of a skilled foreman of concrete construction to direct this work in event it was awarded to it"; that petitioner's knowledge, experience, and qualifications for doing the work was superior to that of Dezauche; and that the action of the mayor and board of aldermen in accepting said bid was based upon no facts "showing in said Dezauche a superiority in financial responsibility, experience, or ability over petitioner, but was purely and entirely arbitrary, unfounded in fact, and determined without investigation, and furthermore without affording petitioner a proper hearing. * * *"

Plaintiff attached to and made part of its petition copies of the several proceedings of the mayor and board of aldermen covering the matter.

The law under which the town was acting is Act No. 147 of 1902, the pertinent provision of which (section 2) reads as follows:

"That whenever the municipal council of cities or towns herein described shall resolve to pave or improve any portion of the sidewalks or curbing in the municipality, it shall pass an ordinance calling for bids for the work, of which ten (10) days' notice shall be given in newspapers published in said city or town, *and shall let the contract to the lowest responsible bidder, who can give satisfactory security;* * * * *provided, that in case no satisfactory bid is received,* then, and in that event the municipal authorities of said cities and towns shall have the power to pave * * * under the direction and supervision of the proper officers. * * *" (Italics by the court.)

[3] The first question to be determined is as to whether an unsuccessful bidder, alleging his bid to have been the lowest and his responsibility good, has a standing in court to assail the action of the municipal authorities in refusing to award him the contract. This we have answered in the affirmative in cases previously decided. See Fourmy v. Franklin, 126 La. 151, 52 South. 249; State v. Board of Agriculture, 122 La. 677, 48 South. 148.

[4] The remaining question is, Admitting that the plaintiff was the lowest responsible bidder able and willing to give satisfactory security for the performance of the work, that it was experienced and qualified to do the work, and that the municipal authorities arbitrarily and without hearing or investigation rejected its bid for one higher by more than $4,000, made by another inferior to plaintiff in those respects, as must be admitted for the purposes of the exception, can it be said that the petition discloses no cause of action? We think not.

The section of the statute quoted undoubtedly vests in the council the power and discretion to determine, first the responsibility of the bidder, secondly, whether the security offered is satisfactory, and, thirdly, it may reject all bids if none is satisfactory; but the law does not permit the arbitrary selection of one which is higher and the rejection of others which are lower, and made by persons more responsible and better qualified to do the work. In this, like all other cases,

the discretion is to be exercised in a fair and legal manner and not arbitrarily. While the petition does not charge the defendants with having acted fraudulently, yet the facts alleged, if true, amount to an arbitrary abuse of discretion, and the only way to determine these issues is by a review of defendants' action after submission of the evidence.

We agree with counsel for defendant that the responsibility of the bidder is to be determined, not alone by his financial ability to perform the work, but that his experience and reputation for satisfactory work are of equal importance. But, according to the allegations of the petitioner, plaintiff's bid and responsibility meets all requirements. Bienvenu v. Police Jury, 126 La. 1103, 53 South. 362; State ex rel. v. Police Jury, 142 La. 691, 77 South. 503; Naccari v. Rappelet, 119 La. 273, 44 South. 13, 13 L. R. A. (N. S.) 640; Fourmy v. Franklin, 126 La. 151, 52 South. 249; N. O. R. E. M. & S. Co. v. Teutonia Ins. Co., 128 La. 45, 54 South. 466; Lawrence v. Mansfield, 129 La. 672, 56 South. 633; Drouin v. Board of School Directors, 136 La. 394, 67 South. 191.

For the reasons assigned, the judgments appealed from are annulled and set aside, the exceptions of defendants are overruled, and this cause remanded to be proceeded with according to law and the views herein expressed; appellees to pay costs of this appeal and all other costs to await final judgment.