HALL, Judge.
Plaintiff, operator of an insurance agency in the City of New Orleans, sued Housing Authority of the City of New Orleans, a public corporation organized pursuant to the provisions of LSA-R.S. 40:391 et seq., for damages in the sum of $1,354.38 being *366 the amount of an insurance commission which plaintiff alleges it lost as the result of the fault, neglect and illegal actions of defendant in rejecting plaintiff’s low bid and accepting a higher bid, for certain fire and extended coverage insurance on defendant’s Florida Avenue Project.
Defendant filed an exception of no cause or right of action based on the ground that plaintiff’s remedy, if any, was to enjoin the award of the insurance to any other bidder and not for damages. This exception was referred to the merits by the District Judge and after trial on the merits judgment was rendered in favor of defendant dismissing plaintiff’s suit. Plaintiff appealed.
During the month of June, 1960 defendant advertised for sealed bids under specifications for fire and extended coverage insurance in the amount of $2,788,000.00 on its Florida Avenue Low Rent Housing Project. The form of bid included in its specifications contained a blank space for the insertion by the bidder of its “3 year rate per $100.00” of insurance coverage, a blank space for the insertion of the amount of the “gross premium” calculated at that rate, a blank space for the “net premium” bid, and other spaces for the insertion of the percentage of dividends paid to policy holders- on this class of insurance over the past ten years by the insurance company represented by the bidder, and an estimated dividend to be paid on the insurance bid upon, based on that dividend history.
The “3 year rate per $100.00” of insurance coverage is fixed by law at the rate promulgated by the Louisiana Rating and Fire Prevention Bureau, and is mandatory and binding on all fire insurance companies. The “gross premium” is simply an extension of this unit rate, so that actually there can be no competition between prospective insurers insofar as the “gross premium” is concerned. The only competition there can be is with reference to the “net premium”, the “net premium” being the gross premium reduced by the amount of dividends which it is calculated will be paid to the policy holder based on the 10 year dividend history of the insurer.
Pursuant to defendant’s advertisement eleven bids were submitted but it is necessary to consider only three. The Steiner Insurance Agency submitted a gross premium bid of $6,744.54 and a net premium bid of $5,395.63; plaintiff submitted a gross premium bid of $6,771.92 and a net premium bid of $5,417.54; M-artin-Lebreton Insurance Agency bid a gross premium of $6,-772.41 and a net premium of $5,417.92.
Since the “3 year rate per $100.00” was-fixed by the Louisiana Rating and Fire Prevention Bureau at $.073 for the fire coverage and $.17 for the extended coverage, all gross premium bids should have-been exactly alike. Moreover, since Steiner, the plaintiff, and Martin-Lebreton were each bidding on behalf of Northern Insurance Company of New York which had a 20% dividend history, all net premiums bid should likewise have been alike. Steiner’s apparent low bid results from the fact that that agency bid $.072 for the fire coverage instead of the legally prescribed rate of $.073. Plaintiff’s gross bid was apparently forty-nine cents lower and its net bid thirty-eight cents lower than the bid' submitted by Martin-Lebreton, the difference between the two bids being caused by a mathematical error on the part of plaintiff in multiplying and extending the unit price and in applying the 20% calculated dividend to this erroneous extension.
Defendant first awarded the insurance to-Steiner. However, when Steiner’s tendered policy was rejected by the Louisiana Rating and Fire Prevention Bureau, defendant awarded the insurance to Martin-Lebreton.
Plaintiff contends that it had a lump sum-“gross” and a lump sum “net” premium and should have been awarded the insurance regardless of the fact that the sums bid resulted from a mathematical error. Defendant contends that the unit price should govern whenever there is an error in the extension of total prices. Moreover, defendant contends that plaintiff’s'bid was il *367 legal in that its actual result was equivalent to charging less than the legally prescribed rate per $100.00. Plaintiff countered by presenting to defendant a policy stamped with the- approval of the Louisiana Rating and Fire Prevention Bureau which defendant refused. Defendant adduced testimony to the effect that the Bureau made a mistake in stamping its approval on this policy and that if the facts were brought to the attention of the Bureau it would withdraw its approval.
We see no necessity in further detailing the various contentions of the parties because assuming arguendo (but not deciding) that plaintiff's bid conformed to the Bureau’s rates and was the lowest bid received, we come to the question whether the defendant is liable in damages for not accepting it.
Plaintiff argues that defendant is required by the law of Louisiana and by its own regulations to award its insurance business to the lowest responsible bidder, and cites article 3, section 30 of the Louisiana Constitution, LSA; LSA-R.S. 39:173; LSA-R.S. 39:180; LSA-R.S. 38:2211 and Sec. 30S, Subsec. E., p. 22 of “Terms and Conditions Between Local Authority and Public Plousing Administration.”
The cited article of the Constitution applies to “All stationery, printing, paper, fuel and other supplies * * It has no application to insurance. Plaintiff’s citation of LSA-R.S. 39:173 is apparently in error because that article simply gives preference to vendors resident in Louisiana. Plaintiff probably intended to cite LSA-R.S. 39:174 as well as LSA-R.S. 39:180. While it is true that these articles require that contracts for the furnishing of supplies and services, including insurance, shall be awarded to the lowest responsible bidder, plaintiff overlooked the fact that LSA-R.S. 39:174 was amended in 1954, among other particulars, by adding a paragraph reading:
“However, those types and classes ■of insurance and bonds under the mandatory jurisdiction of the Louisiana Insurance Rating Commission for rates or premium charge and policy form are specifically exempted from the provisions of this Section." (Emphasis supplied).
LSA-R.S. 38:2211 cited by plaintiff applies to the purchase of materials or supplies and has no application to insurance.
The insurance being purchased by defendant in the instant case was Fire and Extended Coverage Insurance, which is subject to the mandatory jurisdiction of the Louisiana Rating and Fire Prevention Bureau (See LSA-R.S. 22:1405 and LSA-R.S. 22:1421), and therefore contracts for the furnishing of this type of insurance are specifically exempted by LSA-R.S. 39:174 from the necessity of being awarded to the lowest competitive bidder.
It is also noted that in its solicitation for bids defendant expressly reserved the right “to rej ect any one or more or all bids and to waive any informalities in bidding.”
Plaintiff finally contends that defendant violated its own regulations in not awarding the insurance to it and cites subsection E of Sec. 305 of the “Terms and Conditions Between Local Authority and Public Housing Administration” which calls for competitive bidding on fire and extended coverage insurance and provides that such insurance shall be awarded to the lowest responsible bidder.
The “Terms and Conditions” referred to are part of the contract between the defendant and the Public Housing Authority. The only party who could complain of the award to another than the low bidder is the Public Housing Authority, and it has approved the award to Martin-Lebreton. Certainly appellant cannot claim the benefit of a contract to which it is not a party and the provisions of which were not made for its benefit.
Since defendant owes no legal duty to plaintiff to accept its bid, assuming that it *368 was a valid low bid (and we would be inclined to hold otherwise) defendant cannot be compelled to respond in damages.
There is no necessity to consider the exception which defendant filed below and which it reurged in this Court.
For the foregoing reasons the judgment appealed from is affirmed, costs of both courts to be borne by appellant.
Affirmed.