LeSUEUR, Judge.
George P. Palermo has appealed from a judgment denying his motion for a preliminary injunction and alternative writ of mandamus and also referring the exceptions *558 of no right or cause of action filed by the City of New Orleans and Frank Lastie to the merits of the case.
On June 11, 13 and 17, 1968, the City of New Orleans advertised Proposal No. 5924 for sealed bids for furnishing the food and drink concession at Pontchartrain Park Golf Clubhouse for a five-year period. Each bid was to include a minimum annual rental in terms of dollars and percentage of gross revenue, the rental being whichever was greater. Also to be included was a statement of experience in the concession operation field.
Two bids were received in response to this advertisement, those of plaintiff, George P. Palermo, and Frank Lastie, one of the defendants. Palermo’s bid was higher than Lastie’s over the proposed five-year period, both in minimum annual rental and in percentage of gross revenue. The City Purchasing Agent tabulated the bids and returned a recommendation that Palermo’s higher bid be accepted. This information was forwarded to Palermo by the Parkway and Park Commission, the agency that controlled Pontchartrain Park.
The bids and recommendation were brought before the City Council on July 25, 1968, and a motion was made that Palermo’s bid be accepted. The motion did not receive a second and was rescheduled for August 1, after a discussion by the Council members and the attorneys representing Palermo and Lastie. On August 1 the City Council voted to reject both bids and to award an eleven-month lease beginning September 1, 1968, to the present concessionaire, Lastie, who has been the concessionaire at Pontchartrain Park for 13 years prior to this action. The Council in making its decision took note of Mr. Las-tie’s years of experience in that location and weighed this factor in its consideration of the qualifications of the bidders. The lease authorized by the Council was for the exact amount that Lastie had bid on the five-year lease.
Palermo applied to the courts for a temporary restraining order and preliminary injunction restraining the City of New Orleans from contracting with Lastie for the concession privileges at the Pontchartrain Park Golf Clubhouse and, alternatively, for a writ of mandamus ordering the City to award the contract to him based on his higher bid. The City answered and also filed exceptions of no right or cause of action. The trial court referred the exceptions to the merits and denied Palermo both the preliminary injunction and the writ of mandamus and he has appealed.
Palermo’s case rests on the concept that the City of New Orleans cannot reject all bids for the food and drink concession and then, arbitrarily, sign a lease with the losing bidder as opposed to the higher bidder. He states that “the Council’s action in rejecting all bids and thereafter and almost immediately awarding the unsuccessful bidder the contract constitutes an arbitrary and capricious abuse of its discretion.”
The City of New Orleans, through its City Council, leases property belonging to the City under the provisions of the Mayor Council Series Ordinance No. 2500, as amended by Ordinance No. 2870. The composite of these ordinances reads as follows, the underscored portion being the amendment :
“AN ORDINANCE providing that no lease of property belonging to the City of New Orleans for a period of more than one (1) year shall be entered into unless the same has been awarded to the highest responsible bidder after due advertisement by the Bureau of Purchasing of the Department of Finance.
“SECTION 1. That, on and after the effective date of this ordinance, no lease of property belonging to the City of New Orleans for a period of more than one (1) year shall be entered into unless the same has been awarded to the highest responsible bidder, after due advertise *559 ment and evaluation of bids received by the Bureau of Purchasing of the Department of Finance and after approval by the Council.
“SECTION 2. That any lease on such property for a term of one (1) year or less, but which grants to the lessee the option of renewal thereof for an additional term, which, together with the primary term, would total more than one (1) year, shall be subject to the provisions of Section 1 hereof.
“SECTION 3. That any lease of property belonging to the City entered into in violation hereof shall be invalid and unenforceable against the City.
“SECTION 4. That the Council, by a majority vote, may authorize leasing of property in a manner other than prescribed herein.”
Ordinance No. 2500, as amended by No. 2870, does not require that the City Council approve or disapprove a bid that is the highest and which has been so evaluated by the Department of Finance. The Council’s approval is one of three necessary requirements that have to be met before a lease is signed and the Council is under no obligation to explain its cumulative or individual vote. This final approval was reserved and is exercised by the Council for the best interests of the City.
Appellant has cited cases which hold that once the Municipal Council determines that the bidder is responsible and his security is satisfactory, it must either accept the lowest bidder or reject all bids, as the arbitrary selection of one which is higher and the rejection of a lower one is not permitted. Fourmy v. Town of Franklin, 126 La. 151, 52 So. 249 (1910); St. Landry Lumber Co. v. Mayor & Board of Aldermen, 155 La. 892, 99 So. 687 (1924). Both of these cases were based on Acts which required that the lowest responsible bidder furnishing satisfactory security be awarded the contract or all bids be rejected. In the present case the Council has inserted its approval between the certification of the highest responsible bidder’s qualification and his being awarded the contract.
In Leaman & Reynolds Ins. Agency, Inc. v. Housing Authority, 159 So.2d 365 (La.App. 4th Cir. 1964), this Court held that contracts for the furnishing of Fire and Extended Coverage Insurance was specifically exempt from the necessity of being awarded to the lowest competitive bidder and noted that in its solicitation for bids the Housing Authority expressly reserved the right “to reject any one or more or all bids and to waive any informalities in bidding”. In the present case the Council could reject all bids or disapprove any bids, thereby creating a situation analogous to that noted by the Court in the Leaman case. The right to reject bids was retained under the Council approval phrase.
The granting of an eleven-month lease to the present concessionaire is not a violation of Ordinance No. 2500 § 2, since there is no option of renewal in the lease in favor of the lessee. Leases for a term of one year or less may be issued as long as the lessee does not have an option of renewal which would allow him to extend his lease beyond one year and defeat the purpose of § I-
Since we have found that the Council is not required to approve a lease in favor of the highest successful bidder as evaluated by the Department of Finance, it is not subject to a writ of mandamus for failure to fulfill its official duties when it exercises its discretion and, in this case, disapproves a lease. No evidence of abuse of administrative discretion has been presented that would warrant injunctive action.
For the foregoing reasons, the judgment of the trial court denying appellant’s motion for a preliminary injunction and alternative writ of mandamus is affirmed. Appellant is to bear the costs of appeal.
Affirmed.