For the reasons assigned the judgment appealed from is affirmed.

64 So.2d 238

**DOISE v. TOWN OF ELTON.**

**No. 40786.**

March 23, 1953.

Joe J. Tritico, Lake Charles, Bernard N. Marcantel, Adams & Miller, Jennings,

Plauche & Plauche, by S. W. Plauche, Jr., Lake Charles, for Town of Elton.

Herschel N. Knight, Jennings, Clanton & Young, by Wesley H. Clanton, Eunice, for John S. Doise.

PONDER, Justice.

The plaintiff brought this suit against the Mayor and Board of Aldermen of the Town of Elton seeking to have an ordinance extending the corporate limits annulled. The lower court, after issue was joined and trial had, gave judgment in favor of the defendant rejecting plaintiff's demands. On appeal to the Court of Appeal, First Circuit, the judgment was reversed and the ordinance was declared null and of no effect. 56 So.2d 604. The matter is now submitted to us on review.

The first question presented on this review is whether or not the Board of Aldermen violated LSA–R.S. 33:405 in the adoption of the ordinance extending the corporate limits of the town. The pertinent portion of LSA–R.S. 33:405 reads as follows:

"* * * Meetings, whether regular or special, may be continued over to another specified date upon unanimous consent of the aldermen. If any meeting, regular or special, fails for want of a quorum, any number of the aldermen less than a quorum may adjourn the meeting to another specified date, but in no case shall adjourned meetings be prolonged beyond the end of the month in which they are scheduled to take place, or be continued or adjourned more than once, or to any date except that specified at the first continuance or adjournment."

From our examination of the record, it appears that the ordinance was adopted after a second continuance of a regular meeting. The record does not show that the continuance of the meeting resulted from the lack of a quorum, such being the case we must assume that the meeting was continued by the unanimous consent of the aldermen because the burden is on the plaintiff to show otherwise, which he has failed to do. A mere reading of the provisions of the statute heretofore quoted reveals that the prohibition against the adjournment or continuance of any meeting for more than once applies only when there is a lack of a quorum and it does not apply to continuances by the unanimous consent of the aldermen.

The second question posed on this review is whether or not the ordinance is unreasonable. The burden of proof to establish the unreasonableness of the ordinance rests upon the plaintiff. Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62. There is considerable conflict in the testimony on this question. The trial judge not only had the opportunity of observing the witnesses when they testified but he actually went to Elton after hearing the evidence and made a physical examination of the area and arrived at the conclusion

that the ordinance was reasonable in light of all the surrounding facts and circumstances. The map of the Town of Elton and the area proposed to be annexed, incorporated in this record, shows that the Town of Elton has developed on both sides of the main highway to the area proposed to be annexed.

The present corporate limits of the town comprise an area of approximately 800 acres and the proposed area to be annexed contains 240 acres. The population of the town in 1940 was 901 and in 1950 the population had increased to 1,433. The property to be annexed lies west of the present corporate limits and is divided by U. S. Highway 190. This property is adjacent to the present corporate limits and the boundary lines are straight and even. There are 164 residents, 43 dwelling houses, a gas booster plant, a store, a saloon, two cafes, a stock sales barn, and a sawmill, located in the area proposed to be annexed.

While there is considerable conflict in the testimony, yet when it is all analyzed the conclusion is inescapable that the area proposed to be annexed is just as suitable for development as the undeveloped area included in the present corporate limits. While the area proposed to be annexed is affected by high water this is true also in regard to the area in the present corporate limits. It is very doubtful from the testimony whether the greater portion of the undeveloped area in the present corporate limits is available for homesites because

some of the testimony is to the effect that these lands are not for sale. It is intimated that the property of the mayor's aunt was not included within the southern boundary of the area proposed to be annexed because of favoritism. The evidence does not show that this was the property of the mayor's aunt but is to the effect that it belonged to a relative of the mayor. But be that as it may, the mere fact that it was not included is of no moment because there is no testimony to show it was purposely excluded with the view of favoring that property owner. Moreover the evidence shows that this owner's property extends one-half miles south of the present southern boundary of the Town of Elton and had the southern boundary of the annexation corresponded to the existing southern boundary of the present corporate limits, it would have cut this property in two.

As we take it, a portion of the proposed annexed area has already been developed and some structures have been placed thereon recently. The trend of the testimony is to the effect that the annexation is needed for the future growth of the town. The aldermen evidently thought so when they adopted the annexation ordinance and the trial judge, after considering all of the evidence and making a personal inspection, arrived at the same conclusion. It does not appear from this record that the mayor and aldermen had any motive, when they adopted the ordinance, other than their belief that this annexation was necessary for the

future growth and interest of the town. Under such circumstances, we are compelled to arrive at the conclusion that the proposed annexation is reasonable.

For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside. The judgment of the lower court is reinstated and affirmed at the cost of the plaintiff-respondent.