83 So.2d 526 (1955)
Ruth CHESHIRE et al., Plaintiffs-Appellees,
v.
CITY OF MINDEN, Defendant-Appellant.
No. 8385.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1955.
Rehearing Denied November 29, 1955.
Writ of Certiorari Denied January 16, 1956.
Cecil C. Lowe, Cecil P. Campbell, Henry G. Hobbs, Minden, for appellant.
Wellborn Jack, Shreveport, R. H. Drew, Minden, for appellees.
AYRES, Judge.
The plaintiffs in this suit and in the action of Perryman v. City of Minden, La. App., 83 So.2d 531, with which it was consolidated for the purpose of trial, seek to have an ordinance, No. 271, of the City of Minden, extending the corporate limits, annulled. Plaintiffs are residents of the area proposed to be annexed by the City or are owners of property situated therein.
The validity of the ordinance is attacked upon three grounds, (1) that the ordinance and the statutory authority therefor are unconstitutional; (2) that the proposed extension of the corporate limits is unreasonable, and (3) that the ordinance does not comply with LSA-R.S. 33:178 in that the boundary of the City as changed is not defined.
After trial on the merits, plaintiffs' attack upon the ordinance and statute as contained *527 in propositions (1) and (2) was rejected, the court holding that the ordinance and statute were both constitutional and that the extension of the corporate limits was reasonable. The Court, however, sustained plaintiffs' last contention and held that the ordinance was fatally defective in that it failed to define with certainty and precision the entire boundary of the municipality as changed or enlarged. From a judgment annulling and setting aside the ordinance on that ground, the defendant, City of Minden, appealed.
The first question presented on this appeal pertains to the constitutionality of Act 315 of 1946, now LSA-R.S. 33:171 to 33:179, inclusive, and of Ordinance No. 271 of the City of Minden adopted pursuant to that statutory authority. Plaintiffs contend that both the statute and ordinance violated Louisiana Constitution Art. 1, Sec. 2, Const.L.S.A., and the 5th and 14th amendments to the Constitution of the United States in that they deprive plaintiffs of property and money without due process of law. In this connection, plaintiffs contend that the inclusion of their property within the corporate limits under the terms of the ordinance constitutes a taking or a damaging of their property in that said property will be subjected in the future to municipal taxes for the retirement of bond issues heretofore voted, the funds derived from which have already been expended on public improvements, that were of no value or benefit to their property in the territory proposed to be annexed.
The further contention is made in the consolidated suit that the plaintiffs therein have constructed a drive-in theatre on their property outside of the present City limits and in the territory proposed to be annexed, and that once this property is included within the corporate limits it will be subject to the municipal laws of the City of Minden and particularly a Sunday closing ordinance, with the consequent loss of revenue in its operation.
These contentions are without merit. The fact that the property in the territory proposed to be annexed will become subject to additional taxes and to the regulations provided by the existing municipal ordinances, with the possible loss of revenue from the operation of the business establishment located therein, does not in our opinion constitute a taking of such property for a public purpose within the intent and meaning of the cited constitutional provisions. It has been held that the legislature has the power to enlarge the limits of towns and cities. The contrary wishes of the inhabitants and the imposition of taxes on the annexed territory to pay the existing debts of the city do not render the Act unconstitutional. Layton v. City of New Orleans, 12 La.Ann. 515; City of New Orleans v. Cazelar, 27 La.Ann. 156; Stoner v. Flournoy, 28 La.Ann. 850.
37 Am.Jur., "Municipal Corporation", Sec. 40, page 656, states:
"As a general rule, in the absence of statute or constitutional provision to the contrary, territory annexed to a municipal corporation is liable to pay its proportionate share of the existing indebtedness of the corporation to which it is annexed. The fact that the effect of the consolidation and the assumption of the debts of all the component corporations by the annexing corporation is to increase the tax rate as to a resident of one of the annexed municipalities which had a low tax rate does not deprive such resident of his property without due process of law."
It was stated in Edwards v. Town of Ponchatoula, 213 La. 116, 34 So.2d 394, 397, and in Pyle v. City of Shreveport, 215 La. 257, 40 So.2d 235, 238:
"`It is elementary that municipal corporations are creatures of the state, established by the legislature for the purpose of administering local affairs of government. Such powers as these corporations have, as well as the limits of the territory they are to govern, are all matters that are entirely within the province of the legislature, and so long as there is no constitutional provision restricting the legislature's authority *528 in this respect, that body may enlarge or diminish the territory of these corporations, consolidate one with another in whole or in part, and even terminate their existence at will. It may also legally delegate these powers to the municipal authorities.' * * * 38 Am.Jur. 635 [dealing with Municipal Corporations], Section 18, * * *."
Moreover, in Angelle v. State, 212 La. 1069, 34 So.2d 321, 323, 29 A.L.R.2d 666, it was held that the constitutional provisions prohibiting the taking or damaging of private property, except for public purposes, refers exclusively to the power of eminent domain, that is, the intentional or purposeful expropriation or appropriation of private property for a public use or convenience.
We are likewise of the opinion there is no merit in plaintiffs' contention that their property interest in the drive-in theatre will be adversely affected by its inclusion in the extension of the City limits. That such theatre might be regulated by appropriate ordinances of the City is not one of the grounds provided in LSA-R.S. 33:174 for attacking the ordinance or the extension of the municipal corporate limits. No constitutional question is there presented. Property is acquired and held subject to the regulation of its use by the governing authorities under the exercise of their police power. The same is true with respect to the authority of the inhabitants of a locality to incorporate as a municipality or a municipality to expand its territory. Citizens and taxpayers of an area annexed to a municipal corporation possess and enjoy the same rights, privileges and immunities as are enjoyed by the citizens of the former municipality. LSA-R.S. 33:179. Therefore, whatever opposition, if any, citizens and taxpayers of an area proposed to be annexed to a municipality may have to the ordinances and regulations promulgated by the municipality or their enforcement, affords them no statutory ground to prevent the extention of the corporate limits.
Next for consideration is the question of the reasonableness of the extension of the City's boundaries by the ordinance under attack. We are of the opinion the trial court accurately appraised the facts and reached the correct conclusion in upholding the ordinance as reasonable. The preponderance of the evidence amply supports this conclusion. The territory proposed to be annexed is described as the South Half of the Northeast Quarter (S½ of NE¼) and North Half of the Northeast Quarter (N½ of NE¼), Section Twenty-Nine (29), Township Nineteen (19) North, Range Nine (9) West, Louisiana Meridian, which is in the form of a square, containing one hundred sixty (160) acres, more or less, and adjacent to and adjoining the west boundary of the present city limits. This area is traversed by U. S. Highway No. 80, a concrete paved highway, running in a general east and westerly direction, dividing the aforesaid tract approximately in half. The terrain on either side of the highway is generally level or slightly rolling, except where gravel pits have heretofore been worked and abandoned. There are several streets, asphalt and graveled, intersecting the highway in this area.
Along the highway, as well as bordering on these intersecting streets, are residences and other improvements. Comprised in the area are 41 residences, 2 tourist courts, a store, a filling station, a trailer camp, and a pottery store. These are served by the city with water and electricity from its municipal plants. Parts of the area are supplied with fire plugs on the city's water mains for fire protection. Telephone service is rendered from the Minden exchange. The present area of the City of Minden comprises Sections 21, 22, 27, 28 and S½ of S½, Section 15, Township 19 North, Range 9 West, or an area of 2,720 acres, more or less.
The burden of proof to establish the unreasonableness of the ordinance or of the proposed extension rests upon the plaintiffs and this unreasonableness must appear by abundant evidence. LSA-R.S. *529 33:174. Doise v. Town of Elton, 222 La. 973, 64 So.2d 238; Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62; Harvey Canal Land & Improvement Co. v. Gelbke, 166 La. 896, 118 So. 75; Lawrence v. Town of Mansfield, 129 La. 672, 56 So. 633; Breland v. City of Bogalusa, La.App., 51 So.2d 342.
The plaintiffs have not only failed to sustain their burden of proof but the record affirmatively supports defendant's position that the extension of the boundaries is reasonable. The area lies immediately west of the present city boundaries and the highway referred to is a continuation of the main street or thoroughfare of the city. There is no visible line or division separating the city proper from the area proposed to be annexed so far as development, residences and places of business and water and light services are concerned. The construction of electric light and power lines from the municipal plant and the laying of water lines and the furnishing of electric light and power and water for domestic and commercial use and water for fire protection evidence a close relationship of the area to the city. By annexation this area would receive added benefits or improved services in the way of additional police protection, municipal garbage disposal, a decrease in fire insurance rates, street maintenance by the city, fire protection, and, when funds are available, sewer disposal. There is no showing of any improper motive or any desire of the city or of its officials to merely increase its revenue from taxation of this area or to bring the drive-in theatre under the regulations of its ordinances.
Lastly for determination is the issue of whether or not the ordinance complies with the statute in defining the city boundaries as the limits are increased by the proposed annexation. The City of Minden was incorporated by Act 226 of 1928. Section 1 of this Act provides:
"That all of the inhabitants within the present corporate limits of the City of Minden in the Parish of Webster, State of Louisiana, to-wit:
"`Sections twenty-one, twenty-two, twenty-seven, and twenty-eight, Township 19, North, Range Nine, West, Webster Parish, Louisiana, except the following described property in Section twenty-eight, Township 19 North Range nine, West, measuring Westwardly along the south line of section twenty-eight, four hundred and seventy-five and 35-100 (475.35) feet to the point of beginning, said point of beginning being on the present boundary line of the corporate limits; thence northeastwardly at an angle of eighty-five degrees fifty-eight minutes to last described course, a distance of three thousand eight hundred and twenty-eight and 7-100 (3,828.07) feet; thence southwestwardly at an angle of seventy-five degrees, eighteen minutes to the last course, a distance of seven hundred and seventy and 2-10 (770.2) feet; thence southwestwardly at an angle of one hundred and four degrees, forty-two minutes to the last described course, a distance of three thousand, six hundred eighty-five and 7-10 (3685.7) feet to the South line of Section twenty-eight; thence eastwardly along said South line, a distance of seven hundred forty-six and 8-10 (746.8) feet to point of beginning; which, subject to increase and diminution according to law, are hereby created a body corporate and politic under the name of the City of Minden, to have perpetual existence as a municipal corporation with all of the rights, powers and privileges accorded by this charter and the Constitution and laws of the State of Louisiana to cities of its present and future classification.'"
The description contained in the Act was repeated in the ordinance.
The basis for the attack here made is found in the description of the property as defined in the statute with particular reference to a purported exclusion of a strip of land from Section 28. In explanation of this, the trial judge stated:
"When the L. & A. Ry. Co. moved its shops from Stamps, Arkansas to *530 Minden in the early twenties, the move was conditioned upon some arrangement being made by which the shops and certain trackage would be exempted from the payment of city taxes. To accomplish this, the governing authority undertook to revise the city limits so as to cut out the site of the new shops and this trackage and throw same outside the city. In so doing, the authorities cut out a small irregularly shaped tract in the south edge of Section 28, the south boundary of which irregularly shaped tract is the south boundary line of said section. * * * The defect in the description of this irregularly shaped tract is that it has no definite starting point; the only thing definite about it is that its south line is the same as the south line of Section 28; it is what might be termed a `floating' description which slides along the south line of said section anywhere from its east boundary line to its west boundary line; it is not anchored to any definite starting point." (Emphasis supplied.)
The judge concluded that the pretended exclusion or exception was vague and indefinite and that "it is impossible `to define with certainty and precision the entire boundary as changed.'". A compliance with the statute so as to reasonably define the limits of the increased boundaries of the municipality is undoubtedly required and constitutes a substantial compliance with the statute. It is noted, however, in this connection that the statute fails in words to require such entire boundary to be stated with certainty and precision. Such requirement refers to the territory or area proposed to be annexed to or to be excluded from the corporate limits. Following this requirement, the statute reads: "* * * and the ordinance must also define the entire boundary as changed." That such boundary should be defined with certainty and precision had been the requirement and the intent of the Legislature, words to that effect or equivalent thereto could, and, no doubt, would have been used to express such intent and purpose.
That the description is reasonably certain and definite as to the entire limits is apparently all that is required. We think the entire boundary of the City of Minden is stated with reasonable and substantial certainty and precision. By reference to the description given in both statute and ordinance the entire boundary is defined with exactness and precision. The boundary as recited in the Act encompasses four governmental sections of land, which description is repeated in the ordinance, with the additional description of 160 acres theretofore annexed in Section 15. Whatever vagueness and indefiniteness arise exist in the purported exception, the description of which is attempted without a starting point. If it is true, as contended by plaintiff, that the purported exception is impossible of location from the description and incapable of location by extrinsic evidence, then in reality there is no exception and the boundary may be said to include the entire section, which is properly described by governmental subdivisions. It is not the general boundary that is vague and indefinite but a purported exception therefrom, which counsel contends is impossible of designation or location. If this is true, there was not, therefore, nor could there be, any exception so as to eliminate a portion from within the corporate limits which was otherwise clearly and with certainty and precision described. For the exception to be effective, the property intended to be excepted must be described with sufficient clarity as to permit the ascertainment of its location. Such is the requirement in acts of conveyance of real property and no reason is advanced why this requirement should not be applicable here. Moreover, the exception in the legislative act purporting to exclude from the corporate limits certain shops and trackage of the Louisiana and Arkansas Railway Company was apparently a matter of general information and common knowledge in the vicinity of the City of Minden. Too, the legislative act creating the City of Minden and describing its limits and boundaries possesses the same dignity, force and effect as does the later statutory enactment with which it is contended the Minden incorporating act failed *531 to comply. The source of the statute relied upon is Act 315 of 1946, enacted 20 years after the passage of the act incorporating the City of Minden. It is obvious that the first act was not passed in violation of the requirements of an act adopted 20 years later. If the description was sufficient under the incorporating act, it is sufficient for a subsequent change in boundaries on compliance with the requirements therefor in effect at the time of the proposed change. Such is our conclusion.
However, plaintiffs make no complaint that they were prejudiced or misled in any way on account of the description of the City's limits as contained in the incorporating act and as repeated in the ordinance under attack. The property proposed to be annexed is described with certainty and precision. No error or confusion could arise as to the property intended to be brought within the corporate limits. No misdescription, vagueness or uncertainty exists there.
We conclude that the statutory requirements have been complied with, that the statute, Act 315 of 1946, now LSA-R.S. 33:171 to 33:179, and Ordinance No. 271 of the City of Minden, adopted pursuant thereto, are valid and constitutional and that they, and the extension of the corporate limits provided therein, are reasonable, and such is the judgment of this court.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside and there is now judgment in favor of appellant, City of Minden, and against appellees, rejecting their demands and dismissing their suit at their costs.
Reversed and rendered.
HARDY, J., dissents with reasons.
HARDY, Judge (dissenting).
The majority opinion has devoted considerable attention in attempting to substantiate the position that "to define a boundary" is not synonymous with nor equivalent in meaning to the phrase "to fix with certainty and precision." With this somewhat labored conclusion I cannot agree, in view of my understanding that the verb "define" means "to make certain", and the adjective "definite" means "to bound with precision". The obvious redundancy in the phrase of the legislative act does not serve to excuse an illogical interpretation of its meaning under the guise of seeking the intent of the legislation.
It is by opinion that the statute should be strictly construed, and the failure of the ordinance of annexation to comply with the statutory provisions with respect to the definition of boundaries, in my opinion, renders it fatally defective.
To the above extent I differ with the holding of the majority. It is my opinion that the judgment appealed from should be affirmed, and I therefore respectfully dissent from the conclusion reached and the judgment rendered on this appeal.
Rehearing denied; HARDY, J., dissenting.