**Laura AUSTIN, Wife of Salvadore Navarro, v. Salvadore NAVARRO, Her Husband.**

No. 32426.

July 2, 1934.

Samuel J. Tennant, Jr., and Frank C. Gipson, both of New Orleans, for appellant.

Martin E. Kranz, of New Orleans, for appellee.

OVERTON, Justice.

Plaintiff brought the present suit against her husband, Salvadore Navarro, for separation from bed and board on the ground that defendant beat plaintiff so cruelly as to render their living together insupportable. Defendant reconvened for a judgment, granting him a divorce against plaintiff, on the ground of adultery. There was judgment below in favor of plaintiff rejecting defendant's reconventional demand for a divorce and granting plaintiff a judgment of separation from bed and board on the ground of cruelty.

The evidence is clear to the effect that defendant beat his wife cruelly, thereby forcing her to leave the matrimonial domicile in the hours of the night and appeal to a neighbor for protection. We therefore think that the judge below did not err in granting plaintiff a separation from bed and board.

As to defendant's reconventional demand, the evidence offered in support thereof is incredible, and is not entitled to weight in any court. There has been a clear failure of proof on defendant's part to establish the adultery charged.

The case presents only a question of fact. The record discloses no reason whatever for us to disturb the judgment rendered below.

The judgment is therefore affirmed.

156 So. 179

**BEASLEY MOTOR CO. et al. v. TOWN OF RUSTON et al.**

No. 32805.

July 2, 1934.

Barksdale, Warren & Barksdale, of Ruston, for appellants.

Elder & Elder, of Ruston, for appellees.

LAND, Justice.

Plaintiffs are property owners and taxpayers residing within the limits of the town of Ruston, and seek to enjoin the town from collecting the taxes for 1931 and 1932, purporting to have been levied under two ordinances.

A preliminary writ of injunction was issued in the lower court, and, on trial of the merits, was perpetuated, and from this judgment the town of Ruston has appealed.

(1.) The issues involved are:

First. Sufficiency of publication of the ordinances levying the taxes.

Second. Whether the injunction should have been lifted on application of the town, showing proof of publication subsequent to the filing of the suit to enjoin.

On December 9, 1933, plaintiffs filed suit to enjoin the sale of their property, advertised for that day, on the sole ground that the ordinances levying the taxes were published only once, whereas they contend that three successive weekly publications are required under section 33 of Act No. 136 of 1898, the Lawrason Act, which is the charter of the town of Ruston.

Section 33 of the act provides: "That the style of all ordinances shall be: 'Be it ordained by the mayor and board of aldermen of the City (town or village, as the case may be) of ———,' and *all* ordinances and allowances *shall, as soon as practicable,* after they are passed, *be published in some newspaper of the municipality*, or, if there be no such newspaper, by posting at three or more public places within the corporate limits, *for three weeks;* and ordinances shall not be enforced, unless for cause, the contrary be ordered, for one month after their passage."

It is a matter of common knowledge that only weekly newspapers, as a general rule, are published in the various towns in the country parishes. The Legislature, in enacting section 33 of Act No. 136 of 1898, was acquainted with this fact and, therefore, provided that it should be sufficient that the publication of "all ordinances" should be "for three weeks," that is to say, once a week for three weeks in a newspaper published weekly.

The proof shows positively that the ordinances levying the taxes for 1931 and 1932 had been published not more than once, when this suit was filed, and it follows, necessarily, that they are invalid and without legal force or effect. The publication of "*all* ordinances" —without exception—is made mandatory by section 33 of Act No. 136 of 1898, the Lawrason Act. "Tax ordinances," therefore, must be published in the same manner as any other ordinance, in order to be valid.

(2.) After the case was tried, but before the judgment was rendered, appellants caused the ordinances to be published once a week for two successive weeks. After the judgment was signed, the ordinances were published a third time, and appellants took a rule on plaintiffs, alleging that the ordinances had been published for three weeks, as required by law, and asked that the injunction be "lifted."

Plaintiffs then filed an exception of no cause or right of action, an exception to the mode of procedure, and a plea of res adjudicata.

The exceptions of no cause or right of action and to the mode of procedure were sustained and appellants' rule dismissed. The exception of res adjudicata was referred to the merits.

No reservations to appellants to take any further proceedings were made in the judgment signed, which was based upon the state of facts before the court at the time it was rendered. The judgment declared the tax ordinances of the town of Ruston to be null and void for want of publication, and perpetuated the preliminary injunction issued in this case. This was a final judgment rendered on the merits of the case, and we are at loss to understand how the tax ordinances therein declared to be null and void could be revived, and made legal and valid by a third publication of these ordinances after the judgment had been signed, or in what way the permanent injunction granted by the judgment could be lifted or affected by the subsequent publication of these ordinances for the third time.

The only orderly proceedings that could have taken place, after the final judgment was signed, was an application for a new trial, and an appeal to this court, if the application had been denied.

It is true that it is provided in section 33 of Act No. 136 of 1898, the Lawrason Act, the charter of the town of Ruston, that all ordinances shall be published "as soon as practicable" after they are passed. Ordinance No. 276, levying taxes for 1931, was adopted November 10 and published November 16, 1931. Ordinance No. 278, levying taxes for 1932, was adopted December 14, 1932, and published December 16, 1932. Neither of these ordinances was published again until December 13, 21, and 30, 1933. Two of these publications were made after the case was

tried but before judgment was rendered and the third publication was made after judgment was signed.

Since a daily and a weekly newspaper are published in the town of Ruston, we do not find it possible to hold that the belated publication of these ordinances was "as soon as practicable," as required by section 33 of Act No. 136 of 1898.

Nor do we find, as far as the exception to the form of procedure by rule to lift the injunction is concerned, that counsel for appellant waived any objection to the form of procedure by acceptance of service of rule, and waiver of citation, since all rights were reserved by counsel in accepting service.

We find no error in the judgment of the lower court.

Judgment affirmed.