365 So.2d 854 (1978)
Rick D. MERCHANT et al., Plaintiffs-Appellants,
v.
Perrell FUSELIER et al., Defendants-Appellees.
No. 6735.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Rehearing Denied January 10, 1979.
Writ Refused February 23, 1979.
*855 Ernest R. Eldred, Baton Rouge, for plaintiffs-appellants.
John E. Demoruelle, Kinder, Preston N. Aucoin, Ville Platte, for defendants-appellees.
Before DOMENGEAUX, WATSON and CUTRER, JJ.
WATSON, Judge.
This suit involves the same plaintiffs and the same defendants as our docket No. 6708, with which it was consolidated for trial and appeal. A separate opinion has been rendered this date in docket No. 6708. Plaintiffs have appealed from an adverse judgment and defendants have answered the appeal.
Plaintiffs, Rick D. Merchant, Murphy Johnson, Lee E. Brown and Hazel Arp, asked that a writ of quo warranto issue to defendants, Perrell Fuselier, T. J. Davis, Charlene Solomon and Troy G. Foyil, alleged to be, respectively, the former attorney, prosecutor, treasurer and clerk of the City of Oakdale, Louisiana, directing them to show by what authority they are presently claiming these offices.
It is admitted that the office holders were duly appointed in the past. There is no allegation that they have usurped the offices in question, and the trial court decided that a writ of quo warranto was an inappropriate remedy.
Plaintiffs also alleged that, at a meeting of the Mayor and Board of Aldermen of the City of Oakdale, a resolution, Exhibit "A", was duly passed, resulting in the dismissal of these four office holders, and asked a declaratory judgment to that effect. The trial court decided that plaintiffs were not entitled to the declaratory judgment.
For the reasons assigned in our docket No. 6708, the trial court was correct in its disposition of the foregoing two issues, identical in both suits.
This suit also alleges the valid adoption of other resolutions on December 27, 1977, as follows: to appoint Thomas G. Wallace as city clerk, Exhibit "B"; to appoint James Murphy Johnson as city treasurer, Exhibit "C"; to appoint Errol D. Deshotels as city attorney, Exhibit "D"; and to appoint Terry J. Johnson as city prosecutor, Exhibit "E". Plaintiffs seek a declaratory judgment declaring resolutions "B" through "E", validly adopted.
*856 Plaintiffs further allege that vetoes of these ordinances by Mayor George B. Mowad, not named as a defendant, were null and void and ask declaratory judgment to that effect. The vetoes dated 1/5/78, are shown as Exhibits "F", "G", "H", "I" and "J".[1] Plaintiffs contend that Mayor Mowad was without authority to veto these resolutions.
The resolutions are unsigned and therefore invalid. A public corporation can act by ordinance or resolution. There is no substantial difference between the two. Sylvestre v. St. Landry Parish School Board, 164 La. 204, 113 So. 818 (1927). However, neither can be recognized as valid unless there is some prima facie evidence of validity. See LSA-R.S. 33:406. Since the resolutions are void on their face, the vetoes were without effect.
Other declaratory relief is asked by plaintiffs relating to a factual stipulation, as follows: at meetings in July and August of 1976, resolutions were introduced to appoint a new clerk, city attorney, city prosecutor and treasurer which resulted in a tie vote of three to three with the Mayor casting the tying vote on the matter. As to these resolutions, LSA-R.S. 33:386 is applicable. The statute in 1976, prior to the 1977 amendment, read as follows:
"At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor and board of aldermen shall elect a clerk, tax collector, and all other necessary officers whose election is not provided for in R.S. 33:381.
The clerk and tax collector shall execute a bond to the municipality in such penalty, with such surety and conditions as may be prescribed by ordinance, and shall hold their offices for two years, or until their successors are elected and qualified.
The mayor and board of aldermen may annually appoint an attorney at law for the municipality, prescribe his duties, and fix his compensation, or it may employ counsel to represent the interest of the municipality should occasion require."[2]
The statute clearly provided in 1976 for the mayor, as well as the board of aldermen, to vote on election or appointment of the officers in question. The mayor was therefore entitled to cast a tying vote.
A supplemental and amending petition refers to a special meeting of the Board of Aldermen, alleged to have been duly called on November 30, 1977, at the instance of Alderman Rick D. Merchant for various items of business including the following:
"6. Consider and take action to fill the offices and/or positions of Oakdale City Attorney, Oakdale City Clerk, Oakdale Mayor Pro Tempore, Oakdale Street Commissioner, Oakdale City Prosecutor, Oakdale City Treasurer and Oakdale Chief of Police." (TR. 47)
The supplemental petition also refers to a resolution passed as Exhibit "C". A hand written resolution at TR. 49 bears the signatures of plaintiffs, Johnson, Brown, Merchant and Arp, but lacks an exhibit number. This resolution, dated November 30, 1977, declares that there are vacant offices and states that the following persons are authorized to serve in these vacant positions:
"CITY ATTORNEYErrol Deshotel CITY CLERKThomas G. Wallace MAYOR PRO TEMPRick D. Merchant STREET COMMISSIONERLee E. Brown CITY PROSECUTORTerry Johnson CITY TREASURERJames Murphy Johnson CHIEF of POLICEBob Smith" (TR. 49)
The trial court dealt with various motions and exceptions before ruling on the merits that the ordinances in question were not legally adopted; and were legally vetoed by *857 the Mayor and that the record does not show that the vetoes were overridden. The trial court dismissed plaintiffs' suit.
The trial court concluded that LSA-R.S. 33:386 was controlling in the matter. LSA-R.S. 33:386 now reads as follows:
"At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, and all other necessary officers whose election is not provided for in R.S. 33:381.
The clerk and the tax collector shall execute a bond to the municipality in such penalty, with such surety and conditions as may be prescribed by ordinance, and shall hold their offices until their successors are appointed and qualified.
The mayor, subject to confirmation by the board of aldermen, shall appoint an attorney at law for the municipality, prescribe his duties, and fix his compensation, or the municipality may employ counsel to represent the interest of the municipality should the occasion require.
The provisions of this Section shall not affect the term of any clerk, tax collector or any other necessary municipal officer who is serving on the effective date of this Section.
Amended by Acts 1970, No. 165, § 1; Acts 1970, No. 594, § 1; Acts 1977, No. 123, § 1."
In the instant case, the necessary officers were not appointed by the Mayor nor confirmed by the Board of Aldermen. Chapman v. Bordelon, 242 La. 637, 138 So.2d 1 (1962), referred to in brief, was decided prior to the 1970 and 1977 amendments of the statute.
The trial court was clearly correct in ruling that plaintiffs were entitled neither to a writ of quo warranto nor to a declaratory judgment. The present statute enacted in 1977, took effect September 9, 1977, and is controlling as to the actions subsequent to that date.
Even if the 1970 enactment of the statute were applicable to the resolution of November 30, 1977, as contended by appellants, that resolution is not certified, as provided by LSA-R.S. 13:3712.B.[3] It is not selfproving, and its adoption has not been proven.
Our decision on the merits makes it unnecessary to consider the answer to the appeal, which is concerned only with various objections by defendants which were overruled by the trial court.
For the foregoing reasons the judgment is affirmed at the cost of plaintiffs-appellants.
AFFIRMED.
NOTES
[1] After reservation of objections to their validity it was stipulated that Exhibits "A", "B", "C", "D" and "E" are true and correct copies of resolutions adopted by the Board of Aldermen for the City of Oakdale, on December 27, 1977, and that Exhibits "F", "G", "H", "I" and "J" are true and correct copies of vetoes by the Mayor.
[2] Prior to 1970, the statute provided for election and appointment solely by the board of aldermen.
[3] LSA-R.S. 13:3712.B: "Copies as prima facie proof; judicial notice of municipal and parochial ordinances"

B. All courts of record in the state shall take judicial cognizance of the municipal ordinances and parochial ordinances which may be enacted by governing authority of any town, city, municipality, or parish within their respective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of said court. The clerk shall keep a record of such ordinances filed with him. It shall not be necessary to file more than one copy of any ordinance with the clerk in order that judicial cognizance be taken thereof. Such certified copies may be filed with the various clerks of court either by the proper custodian of the ordinances of respective town, city, municipality or parish, or any lawful officer of the court. As amended Acts 1958, No. 316, § 1.