STOKER, Judge.
The plaintiff railroad complains in this case of the assessment levied against its railroad right of way for a street improvement. The City of Opelousas proceeded under LSA-R.S. 33:3301-3319 to improve Garland Belt Road in Opelousas. The trial court gave judgment in favor of the plaintiff-appellee, Missouri Pacific Railroad Company (MOPAC). The City of Opelou-sas appealed. The statute authorizes municipalities to defray the cost of improvements through the levy of assessments on real property abutting the improvements. However, the statute provides that each parcel of real estate which is to be assessed be benefited to an amount not less than the amount of the proposed local or special assessment of the property.
The City of Opelousas went through the proper steps required under the statute, and the governing body of the City of Opelousas levied a special assessment against MOP AC’s property in the amount of $27,946.74. The trial court granted the relief sought by MOPAC and ordered that the right of way property be deleted from the special assessment ordinance. The court found that the right of way property was benefited in the amount of $13,000. This finding made LSA-R.S. 33:3306 A applicable. That statute provides:
“§ 3306. Special assessment and lien installment payments
A. Upon receipt of the certified statement or report of the engineer as provided for in the preceding section, the governing authority shall review said certified statement or report, including the proposed local or special assessments, and thereafter shall make a determination as to whether each lot or parcel of real estate to be assessed will be benefited to an amount not less than the proposed local or special assessment. Proposed assessments that are found by the governing authority to have been erroneously assessed or for which the governing authority does not find said benefit shall be deleted from said certified statement or report. The deletion of such proposed assessments from said certified statement or report for either of said reasons shall in no way invalidate or affect the legality of the contract awarded for the construction of said proposed improvements nor shall such deletions constitute a violation of the public contracts law of this state.”
(Emphasis added.)
*795 The trial court did not hand down extensive reasons for judgment. The following is the complete text of the trial court’s reasons contained in a joint letter addressed to counsel:
“Re: Missouri Pacific Railroad Co. vs. City of Opelousas
No. 80,136-2
“Gentlemen:
I conclude:
(1) That plaintiff’s property was benefited by the improvement in the amount of $13,000.
(2) That the council’s determination regarding the amount of the benefit as compared to the assessment was clearly beyond its discretion.
(3) That this is so regardless of whether its action was judicial or legislative or partly both.
(4) That the extent of my review is sufficient to correct that abuse of discretion.
(5) That the council’s determination must be held invalid.
(6) That, under the clear expression of the law, the whole of the assessment must be deleted however unfair this result might be.
“Counsel for plaintiff is to draft judgment and submit for signature. A copy will be furnished opposing counsel who will have seven days from receipt to lodge objection to form.”
The trial court rendered judgment setting aside and canceling the assessment against MOPAC and deleting MOPAC’s property from the ordinance. The City appealed this judgment.
POSITION OF THE PARTIES
Both parties contend that the trial court committed error in finding MOPAC’s property was benefited by the street improvement in the amount of $13,000. The difference in position is this: (1) The City of Opelousas contends that the trial evidence supports the finding of its engineer and the governing body’s finding that MOPAC was benefited to the extent of $27,946.74. (2) MOPAC contends that the street improvement did not benefit its right of way property at all, much less to the extent of $13,000. Alternatively, MOPAC urges that the trial court’s judgment should be affirmed based on its finding that a benefit was derived from the street paving of $13,-000.
ISSUES
The discussion thus far emphasizes a very important point. That point is that the trial court found that the MOPAC right of way was substantially benefited.
The underlying issue in this case is the scope and authority for review by a trial court of street improvement and cost assessment actions of municipal bodies under LSA-R.S. 33:3301-3319. We find the power of review by the district court under this authority is quite limited. The Louisiana Supreme Court discussed the limitations of review in such matters in Landry v. Parish of East Baton Rouge, 352 So.2d 656 (La.1977). In Landry the trial court denied property owners relief from a street improvement assessment levied by the Parish Council of the Parish of East Baton Rouge. The Court of Appeal reversed and the Supreme Court reversed the Court of Appeal. The Supreme Court concluded its reversal in the following pronouncement:
“The merit of the council’s benefits determination is, of course, a different matter. Was the council correct in its determination? Was that determination the exercise of a legislative or a judicial function? And is that determination reviewable in court?
[5] We believe that the benefits determination, statutorily required of the municipal legislative body, is a legislative act, with admittedly quasi-judicial overtones, and that while it is not totally unreviewable, courts may not upset the determination absent such manifest and palpable abuse of power such that excess of the limits of legislative discretion is evident.[1]
“[6-9] As was noted by the First Circuit Court of Appeal in Olsen v. City of Ba *796 ton Rouge, 247 So.2d 889 (La.1971), writs refused 259 La. 755, 252 So.2d 454, municipal legislative acts are presumed to be valid and the burden rests with the party who asserts the contrary. A court may not interfere with this legislative function unless it is clearly shown that the legislative body’s action is so clearly arbitrary and capricious as to be unreasonable. Nor is the municipal legislative body constrained (by the provisions of R.S. 33:3301 et seq. or otherwise) by the procedural rules relative to evidence and the like normally attendant to judicial proceedings. In the case at hand, while the evidence presented in the district court may arguably have been short of a preponderance that plaintiffs’ properties would be benefited to an amount not less than the proposed assessments, we are unable to conclude that the Parish Council for the Parish of East Baton Rouge exceeded its legislative discretion in determining that the abutting properties were to be benefited in the requisite amount.”
In Landry the Supreme Court said that it was not necessary that the Parish Council receive evidence on monetary enhancement resulting from street improvements. All it had to do was to make a determination that the assessed property will be benefited to an amount not less than the proposed local or special assessment.
After considering the evidence in this case under the Landry holding, we conclude that the trial court’s action should be affirmed but on a basis different from that used by the trial court.
The MOPAC property in this case is used as a railroad right of way with the tracks running down the middle of the 100-foot strip. This leaves less than 50 feet on either side, considering the space required for roadbed and railroad ties, signals and other items. The theory of the City’s witnesses appears to be that the railroad has an excessive amount of right of way, and it should be obligated to treat some 30 feet next to Garland Belt Road as available for commercial development or sale. In other words, the railroad should be forced to restrict its right of way for purposes of the street improvement financing in question. All of the evidence shows that the railroad would gain virtually no value or utility through the street improvement. We regard it as completely unreasonable to force MOPAC to reclassify the use of its property from right of way to commercial property. We find no basis for concluding that MOPAC is not entitled to a 100-foot right of way.
Moreover, the City’s position is wholly unrealistic. If the entire 100-foot right of way was not used as a right of way for the MOPAC tracks, so that some of the property would be impressed with an alternative commercial or residential character, the question would be quite different. However, devoted as it is to railroad right of way, there is, at most, an excess of 30 feet available for commercial or residential uses. We regard the suggestion and testimony that such a 30-foot strip could be utilized for items ranging from barber shops to apartment units as completely unrealistic. In our view it is so unreasonable, arbitrary and capricious as to be abusive under the Landry standards. Accordingly, we hold that the MOPAC property involved in this case, if benefited at all, would derive negligible benefit from the street improvement of Garland Belt Road. Thus, the amount of the benefit, if any, is less than the amount of the proposed local or special assessment of $27,946.74. In fact, we view the City’s action as being confiscatory. Accordingly, we affirm the judgment of the trial court.
The costs of this appeal are assessed to the City of Opelousas.
AFFIRMED.

“1 Accord, see Fourmy v. Town of Franklin, 126 La. 151, 52 So. 249 (1910) quoting from Kelly v. Chadwick, 104 La. 719, 29 So. 295 (1901) as follows:
■With the wisdom or unwisdom of special assessments, when ordered in cases in which they are admissible, the courts have no concern, unless there is plainly and manifestly such an abuse of power as takes the case beyond the just limits of legislative discretion.’ ”