KING, Judge.
The sole issue presented by this appeal is whether the trial court was correct in finding that a village ordinance enacting an occupational license tax was not validly adopted, pursuant to La.R.S. 33:406 B(l) and (2), because it was both introduced and adopted at the same meeting of the governing body of the village.
Mabel Scarbrock, as Municipal Tax Collector for the Village of Woodworth, Louisiana (hereinafter plaintiff), brought suit against Charles Butler, individually and *619 d/b/a Charlie Butler Produce (hereinafter defendant) seeking to collect a delinquent occupational license tax, interest, and penalty for delinquent payment. Plaintiff alleged that defendant had been engaged in the business of selling merchandise within the municipal limits of the Village of Wood-worth during the summer of 1988 and was subject to and owed the occupational license tax to the Village of Woodworth.
Defendant answered and contended, among various defenses, that the occupational license tax, enacted by Ordinance 27-87 of the Village of Woodworth (hereinafter the Ordinance), was invalid because it was both introduced and adopted at the same meeting in direct violation of La.R.S. 33:406 B(l) and (2).
After a trial on the merits, the trial court rendered judgment in favor of defendant and dismissed plaintiffs suit, finding that the Ordinance, adopting the occupational license tax, was invalid. A formal written judgment was signed. Plaintiff timely appeals. We affirm.
' FACTS
For approximately five weeks during the summer of 1988, defendant sold watermelons and small amounts of other produce and merchandise from the back of his pickup truck. During the sale, the pickup truck was parked on the property of defendant’s father which is located in the Village of Woodworth in Rapides Parish, Louisiana.
On June 29, 1988, plaintiff filed a Rule, pursuant to La.R.S. 47:351, which ordered defendant to show cause why he should not be ordered to pay delinquent occupational license taxes, plus interest and penalties, owed pursuant to the Ordinance.
Louisiana law permits any municipality to impose a license tax on any person conducting any business within the territorial jurisdiction of the municipality. La.Const. Art. 6, § 28 (1974); La.R.S. 47:341. The Village of Woodworth, by Ordinance No. 27-87, enacted an occupational license tax which was adopted by the Woodworth Board of Aldermen on May 11, 1987.
Defendant contends that he does not owe the tax because the Ordinance was not legally adopted pursuant to the statutes that govern the adoption of ordinances by municipalities and, thus, imposition of the tax is null and void.
Title 33 of the Louisiana Revised Statutes, which governs municipalities, parishes and local government, sets forth the procedure required for the adoption of an ordinance by a municipality governed by a mayor and a board of aldermen such as the Village of Woodworth.
Defendant contends that Ordinance No. 27-87 of the Village of Woodworth is invalid because it was both introduced and adopted, by unanimous vote, at the same meeting of the Aldermen of the Village of Woodworth in direct violation of La.R.S. 33:406B(1) and (2) which states that:
“B. (1) A proposed ordinance may be introduced by any alderman at any board meeting. Each proposed ordinance shall be in writing. An ordinance shall contain only one subject which shall be indicated in its title except for ordinances involving the annual operating budget, a capital improvements budget, or a codification of municipal ordinances.
(2) After a proposed ordinance has been introduced, copies of it shall be provided to all members of the board and the mayor. The title of a proposed ordinance, except those specifically authorized by R.S. 33:405(D), shall be published once in the municipality’s official journal. The notice shall indicate the time and place where the board will consider its adoption. No ordinance, except one authorized by R.S. 33:405(D), shall be adopted until a public hearing on it has been held. No ordinance, except one authorized by R.S. 33:405(D), can be adopted at the meeting at which it is introduced.” (Emphasis supplied.)
In his well written reasons for judgment and findings of fact, which we adopt as our own and attach as an Appendix to this opinion, the trial judge found that the documents and evidence introduced at the trial showed the absence of “the link that would breathe life into its [Ordinance No. 27-87] *620 existence: Introduction at a meeting pri- or to its adoption.” (Emphasis supplied.) The trial judge found that this step in the ordinance adoption process was crucial to its valid adoption and found that Ordinance 27-87 of the Village of Woodworth was invalid because it was both introduced and adopted at the same meeting of the Board of Aldermen of the Village of Woodworth.
We note that an exhibit of plaintiff, Scar-brock No. 6, is an affidavit of publication stating that on April 28, 1987, the Alexandria Daily Town Talk, the official publication of the Village of Woodworth, published a notice announcing that several ordinances, including Ordinance No. 27-87, were to be introduced at the May 11, 1987 meeting of the Board of Aldermen of the Village of Woodworth. Plaintiffs exhibit, Scarbrock No. 8, shows that Ordinance No. 27-87 was adopted at the May 11, 1987 meeting of the Board of Aldermen of the Village of Woodworth.
After a careful review of the record, we do not find that the trial court was manifestly in error or clearly wrong in finding Village of Woodworth Ordinance No. 27-87 was introduced and adopted at the same meeting and is invalid and without legal effect and, for this reason, that no occupational license tax was owed by defendant. For these reasons, the trial court's judgment is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.
APPENDIX
Civil Suit Number 150,650
Mable Scarbrock, et al. versus Charles Butler, Etc.
Ninth Judicial District Court
Parish of Rapides
State of Louisiana
REASONS FOR JUDGMENT
This proceeding came before the Court on a rule ordering the defendant, Charles Butler, to show cause why he should not be ordered to pay a delinquent municipal franchise tax, interest and a penalty for delinquent payment, all pursuant to Ordinance No. 27-87 of the Village of Woodworth.
On or about May 30, 1988, the defendant purchased a quantity of produce and placed it at the home of his father, where sales were made to customers stopping by. His father’s home is located within the boundaries of the Village of Woodworth. Plaintiffs contend that defendant owes the Village an Occupational License Tax pursuant to Ordinance No. 27-87, which was purportedly adopted at a regularly called meeting on May 11, 1987. Defendant argues that Ordinance No. 27-87 has no validity and is null due to the fact that the procedures set forth in LSA-R.S. 33:406 and LSA-R.S. 47:341 were not followed.
The genesis of Ordinance 27-87 as reflected by documents introduced at trial reveals the following:
1 — Scarbrock #2 — Affidavit from the Official Journal for the Village of Woodworth, the Alexandria Daily Town Talk, reflecting Notice of a Public Hearing to be held on February 26, 1987, at 7:00 P.M. regarding the “Occupational License Tax”. This notice was in the February 21, 1987, edition.
2 — Scarbrock # 3 —Agenda and Minutes of March 9, 1987, Village meeting where motion was made, seconded and passed, scheduling Public Hearings for March 26, 1987, and April 23, 1987, on the “Occupational License Tax”.
3 — Scarbrock #4 — Minutes of March 26, 1987, meeting purpose of which was to receive “public input” on “Occupational License Tax”.
4 — Scarbrock #5 — Minutes of April 13, 1987, wherein Mayor Butler stated that “he planned to introduce * * * Ordinance 27-87 Occupational License Tax” at the “ * * * 5/11/87Reg-ular Meeting”.
5 — Scarbrock # 6 —Affidavit of publication in official journal that Ordinance 27-87 Occupational License Tax would be proposed for adoption.
6 — Scarbrock #7 — Minutes of April 23, 1987, Special Meeting called for purpose of receiving public input on Occupational License Tax.
*621 7 — Scarbrock #8 — Minutes of regular meeting of May 11, 1987, reflecting that:
“Upon motion by Alderman Butler, seconded by Alderwoman Pepper, Ord. No. 27-87, pertaining to Occupational License Tax was adopted by unanimous vote. (Insert here # 1)” (Verbatim from minutes)
8 — Scarbrock # 9 —Undated exerpt from the Official Journal reflecting Scarbrock # 8.
9^Scarbrock # 1 —Certified Copy of Ordinance No. 27-87.
The evolution of Ordinance No. 27-87 reveals the absence of the link that would breath life into its existence: Introduction of the Ordinance at a meeting prior to its adoption.
The authority to enact ordinances is granted to municipalities by the legislature in LSA-R.S. 33:406. The pertinent parts of the statute provide:
“B. (1) A proposed ordinance may be introduced by any alderman at any board meeting. Each proposed ordinance shall be in writing. An ordinance shall contain only one subject which shall be indicated in its title except for ordinances involving the annual operating budget, a capital improvements budget, or a codification of municipal ordinances. (Emphasis added)
(2) After a proposed ordinance has been introduced, copies of it shall be provided to all members of the board and the mayor. The title of a proposed ordinance, except those specifically authorized by R.S. 33:405(D), shall be published once in the municipality’s official journal. The notice shall indicate the time and place where the board will consider its adoption. No ordinance, except one authorized by R.S. 33:405(D), shall be adopted until a public hearing on it has been held. No ordinance, except one authorized by R.S. 33f 05(D), can be adopted at the meeting at which it is introduced.” (Emphasis added)
The authority to impose an occupational license tax was granted to our local governments in La.Const. Art. 6, Sec. 28 (1974):
“The governing authority of a local governmental subdivision may impose an occupational license tax not greater than that imposed by the state. Those who pay a municipal occupational license tax shall be exempt from a parish occupational license tax in the amount of the municipal tax. The governing authority of a local governmental subdivision may impose an occupational license tax greater than that imposed by the state when authorized by law enacted by the favorable vote of two-thirds of the elected members of each house of the legislature.”
The procedure and formalities that a municipality must follow in adopting or enacting a license tax are set forth in LSA-R.S. 47:341 and the part germane to this case provides:
“Any municipality or parish shall have the right to impose a license tax on any person conducting any business herein enumerated within the territorial jurisdiction of the municipality or parish at a rate which shall not exceed the maximum tax rates set forth in this Chapter, provided that the imposition of such license tax is approved by two-thirds of the elected members of the municipal or parochial governing authority and after affording the public an opportunity to comment at a minimum of three public hearings.” (Emphasis added)
Defendant admits that the three informational public hearings of LSA-R.S. 47:341(A) were duly advertised and held. He alleges that the ordinance is invalid due to the Village’s failure to follow the following procedures and formalities set forth in LSA-R.S. 33:406:
(1) by the “adoption” of the ordinance at the meeting at which it was “introduced”,
(2) by the introduction of the proposed ordinance by the Mayor instead of an Alderman, and
(3) by the lack of publication of the adopted ordinance in the municipality’s official journal.
*622 The law is clear and unambiguous that municipal legislative acts are presum'ed to be valid and that the burden of proving the act invalid is on the party asserting the invalidity. Landry v. Parish of East Baton Rouge, 352 So.2d 656 (La.1977). While the presumption of validity must be considered, this Court must also be conscious of the law and jurisprudence regarding the statutory formalities required in enacting an ordinance such as that enunciated in Sylvestre v. St. Landry Parish School Board, 164 La. 204, 113 So. 818 (1927). The Supreme Court in Sylvestre stated:
“It is only when the law provides that certain subjects shall be governed by ordinance and that certain formalities shall be requisite to the enactment of an ordinance that it is proper for the courts to set aside the vote of the governing body of a public corporation upon the ground that the enactment was a resolution when it should have been an ordinance.” (Emphasis added)
Although the Court in Sylvestre was reviewing a situation where the plaintiff claimed that the subject matter legislation should have been in the form of an “ordinance” rather than a “resolution”, the Court’s language clearly indicates that certain formalities shall be requisite to the enactment of the ordinance and if these formalities are not complied with, it is then proper for a court to set aside the vote of the governing body. In the Scarbrock case at hand here, LSA-R.S. 33:406(B)(2) requires, in part, that:
“No ordinance, except one authorized by R.S. 33:405(D), can be adopted at the meeting at which it is introduced.” (Emphasis added)
The provision prohibiting adoption of an ordinance at the meeting at which it is introduced is not a mere “directory” but is a legislative mandate and requisite for the proper enactment of an ordinance. Its purpose is to allow the public a chance to provide input on the ordinance as is evidenced by the prior sentence of LSA-R.S. 33:406(B)(2) which states:
“No ordinance, except one authorized by R.S. 405(D), shall be adopted until a public hearing on it has been held.”
In Merchant v. Fuselier, 365 So.2d 854 (1978) the Third Circuit Court of Appeals cited the Sylvestre, supra, in conjunction with LSA-R.S. 33:406 and held that neither a resolution or an ordinance by a municipality can be recognized as valid unless there is a prima facie case of validity. Prior to the Amendment of LSA-R.S. 33:406 by Acts 1985, No. 890 Sec. 1, 33:406 required the signature of the Mayor or other officer presiding in his absence on the adopted ordinance or resolution. The Merchant court held that since the resolutions were not signed, they were void on their face. The Supreme Court in Beasley Motor Co. v. Town of Ruston, 180 La. 72, 156 So. 179 (1934) reviewed a situation where a municipality had not properly followed the statutory newspaper publication requirements for adopting a tax ordinance and held that the ordinance was invalid and without legal effect.
A review of the official minutes of the municipality meetings for the months of January, February, March, April and May of 1987, and the testimony given at trial, shows that the ordinance was introduced, seconded and adopted at the May 11, 1987 official meeting of the Village of Wood-worth. The first mention of a proposed Occupational License Tax was at the village meeting of February 26, 1987, which was called to receive public input on the proposed ordinance, but that there was no record of an introduction at that meeting. The only evidence concerning the “introduction” of the proposed ordinance at a board meeting, as required by LSA-R.S. 33:406 (supra), is found in the official minutes of the village meeting of April 13, 1987:
“Mayor Butler stated he planned to introduce at the 5/11/87 Regular Meeting Ordinance 31-87.and Ordinance 27-87 Occupational License Tax.” (Emphasis added)
There is no evidence of an “introduction” at a village meeting prior to the April 13, *623 1987 or May 11, 1987 meetings, nor is there any evidence that copies of the proposed ordinance was provided to all members of the Board of Aldermen and the Mayor, as R.S. 33:406 also requires. The official minutes of the village meeting of May 11,1987 state:
“Upon motion of Alderman Butler, seconded by Alderwoman Pepper, Ord. No. 27-87, pertaining to Occupational License Tax was adopted by unanimous vote.” (Emphasis added)
It appears from this evidence that no “introduction” of the proposed ordinance was made at a village meeting prior to the May 11, 1987 meeting where the ordinance was purportedly adopted and it is not an “emergency ordinance” which would fall within the LSA-R.S. 33:405(D) exception.
It is also imperative that this Court take notice that the purpose of this municipal ordinance is to impose a “tax”. It is well settled in our law that a government, be it state or local, must take caution in the exercise of the power of taxation. In Gamburg v. City of Alexandria, 85 So.2d 276 (La.Ct.App. 2 Cir.1956), the Court stated at page 280:
“Statutes exercising the power of taxation in any of its forms, or delegating that power to political subdivisions of the state, must be strictly construed and closely pursued. In interpreting such a statute, all doubts and ambiguities are to be construed against the taxing power;” (Emphasis added)
The record reveals that the mandatory formalities of LSA-R.S. 33:406 have not been complied with in that there is no evidence of an “introduction” of the proposed ordinance at a village meeting prior to the purported adoption at the May 11, 1987 meeting. As stated above, this Court is of the opinion that this formality for enactment as required by LSA-R.S. 33:406 is “mandatory” and the statute formalities must be strictly followed. Sylvestre, Merchant, Beasley Motor Co. and Gamburg, supra. Therefore the plaintiff has met his burden of proof and overcome the Landry presumption of validity. This Court finds that since the “introduction formality” of LSA-R.S. 33:406 was not complied with by the Village of Woodworth, then this Court must declare Ordinance No. 27-87, invalid and without legal effect. Since the ordinance is invalid the defendant owes no occupational license tax to the Village of Woodworth.
There is no need to address complaints numbers 2 and 3 for the evidence overwhelmingly shows that the ordinance was never introduced.
Judgment is therefore rendered in favor of defendant-in-rule, Charles Butler, individually and d/b/a Charlie Butler Produce and against the plaintiff-in-rule, Mabel Scarbrock as municipal Tax Collector for the Village of Woodworth, decreeing the Village of Woodworth’s Ordinance No. 27-87, Occupational License Tax to be invalid and without legal effect and therefore no occupational license tax is owed by the defendant-in-rule. All costs of these proceedings are assessed against the plaintiff-in-rule. Attorney for the defendant-in-rule is to prepare a judgment in accordance with these reasons and present it for signing.
THUS DONE AND SIGNED, this 14th day of March, 1989.
/s/ Richard E. Lee RICHARD E. LEE DISTRICT JUDGE