Dear Mr. Parker:
You have requested an attorney general opinion concerning the validity of ordinances which have not been signed by the mayor nor have the original ordinances been filed as required by R.S.33:406. You note that the minutes detailing the passage of the ordinances are completely in order.
The proper procedure for enactment, recording and publication of ordinances and resolutions is contained in R.S. 33:406. Among other things, it does require that, "The municipal clerk shall keep a book entitled `Ordinances, City (or Town, or Village) of . . .' in which he shall file the original of every ordinance which has been adopted by the board immediately after its passage . . .". R.S. 33:406(D)(1). It is important to maintain a compilation of such official acts. However, the lack of such a body of records should not affect the validity of the ordinances. Rue Lafayette Mtg. Corp. v. Wenger, 366 So.2d 1059
(La.App. 1st Cir. 1979). This is especially true when the process of enactment by the board is unassailed, no specific challenge to any ordinance or its content is at issue and minutes have been kept. In sum, an improperly maintained ordinance book does not render invalid an otherwise valid ordinance. Cf. also Op. Atty. Gen., No. 81-750 re tardy publication having no affect on validity.
Concerning the lack of a mayor's signature, contrary authority exists. Rue Lafayette, supra, holds such ordinances valid; but see Merchant v. Fuselier, 365 So.2d 854 (La.App. 3rd Cir. 1978) to the contrary. However, the above cases interpreted R.S.33:404 and 406 prior to their amendment by Acts 1985, No. 890. The amendment of these statutes removed all reference to requiring a mayor's signature. It perhaps should be noted that a municipal clerk's signature is required and that the mayor's approval is still necessary. In view of the fact that the mayor's approval is not in dispute, the lack of a mayor's signature does not render invalid an otherwise valid ordinance.
If this office can be of any further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH/vs-0810q